UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH FANGSRUD VON ESCH, et al., <br><br> Plaintiffs, <br> v. <br><br> LEGACY SALMON CREEK HOSPITAL, et al., <br><br> Defendants. | CASE NO. C16-5842 RBL <br><br> ORDER |

THIS MATTER is before the Court on the following Motions: Plaintiff Fangsrud Von Esch's Motion for Summary Judgment on Liability [Dkt. # 55]; Defendant Asset Systems' Motion for an Order compelling the parties to engage in early mediation under LCR 39.1 [Dkt. # 57], and Asset's Cross Motion for Summary Judgment [Dkt. # 60]. There is an additional dispute over the admissibility and impact of Asset's Executive Director's deposition transcript.

The case arises out of Defendant Legacy's erroneous bill to Fangsrud Von Esch. The bill was not paid and Legacy sent it to a debt collector, Asset Systems. The billing error was ultimately caught and corrected but Fangsrud Von Esch sued. She asserted FDCPA, and Washington CPA and CCA claims against Asset, and the latter two claims against Legacy.

This Court granted Legacy's Motion for Summary Judgment and Denied Fangsrud Von Esch's own motion on her claims against Legacy. Because it determined that Asset had established as a matter of law that its collection efforts were the result of a bona fide error, it granted Asset's Motion for Summary Judgment on all of Fangsrud Von Esch's claims against it, and denied Fangsrud Von Esch's own motion for summary judgment on those claims. [Dkt. # 46].

Fangsrud Von Esch appealed. The Ninth Circuit affirmed as to Legacy, but reversed this Court's Order granting Asset's Motion for Summary Judgment:

> The district court erred in granting summary judgment to Asset on Plaintiffs' federal Fair Debt Collection Practices Act claim. **One could reasonably determine** that Asset violated 15 U.S.C. § 1692e when it attempted to collect more than what was owed, continued to do so after Plaintiffs and their attorney told Asset about the error, and despite having been told of the billing error, improperly threatened a lawsuit without adequate inquiry. *See Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 777 (9th Cir. 2017); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1063☐4 n.6 (9th Cir. 2011). **On this record, Asset cannot establish as a matter of law a bona fide error defense.** *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011); *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1007 (9th Cir. 2008).

[Dkt. # 54 at 3 (emphasis added)].

The bolded phrase is, respectfully, unnecessarily ambiguous. Is the Ninth Circuit saying that, as a matter of law, Asset cannot prevail on its bona fide error defense? In other words, that it cannot assert that defense, even at trial? Or is it saying that Asset was not entitled to summary judgment on that defense, and the "reasonableness" of its conduct will await a jury's verdict? This Court ruled that the defense applied as a matter of law, and the Ninth Circuit reversed and remanded. The cases cited in the Ninth Circuit's opinion do not hold that the bona fide error defense is one for trial; they suggest instead that it can be determined as a matter of law. In *McCollough*, the Ninth Circuit affirmed the District Court's determination that the bona fide

error affirmative defense was *not* available as a matter of law. And in *Riechert* it affirmed a summary judgment in the debtor's favor.

The Ninth Circuit's citation to these cases could suggest it meant to reverse and remand with instructions to enter judgment in plaintiff's favor on her FDCPA claims—which would have saved the parties the fees they have since spent on the current motions, and this Court the time it spent trying to read the tea leaves.

Fangsrud Von Esch seeks summary judgment, reading the Ninth Circuit's opinion as rejecting as a matter of law Asset's bona fide error defense. She argues that without the affirmative defense, she is entitled to a ruling as a matter of law that Asset violated the FDCPA. She seeks such a ruling, leaving the amount of her damages for trial or negotiation.

Asset reads the opinion as requiring it to produce additional or better evidence as a prerequisite for its defense, and it seeks to do build a better record through the Declaration of its Executive Director, Mary Emerton.

In response, Fangsrud Von Esch sought and received permission to depose Emerton, and it submitted the transcript [Dkt. # 73] in an effort to demonstrate that Asset did not in fact take reasonable steps to determine the accuracy of Fangsrud Von Esch's debt to the hospital.

Asset filed a Surreply [Dkt. # 74] seeking to strike the Emerton evidence, claiming she was not a Rule 30(b)(6) deponent. Fangsrud von Esch points out that Emerton is and was a speaking agent and correctly argues that the fact she was not a 30(b)(6) deponent does not make her testimony less compelling, much less inadmissible.

The Motion to Strike [**Dkt. # 74**] is **DENIED**.

The Court does not read the Ninth Circuit's opinion as resolving the applicability of the bona fide error defense, despite the language it used. If it intended this Court to reject that

defense as a matter of law, it would have said so and remanded with instructions to grant Fangsrud Von Esch's own motion as to liability.

Emerton's testimony creates a question of fact about what Asset did and did not do to verify the debt, and the Court is not in any event inclined to grant summary judgment a second time. This case has been far too intensely litigated for the amount at stake, already. Resolving the reasonableness of Asset's efforts as a matter of law in the face of the Ninth Circuit's opinion is likely to exacerbate that problem.

The competing Motions for Summary Judgment [**Dkt. #s 55 and 60**] are **DENIED**. The Motion to compel early mediation [**Dkt. # 57**] is **DENIED**, but the parties are **ORDERED** to engage in alternative dispute mediation before trial. If they cannot resolve this relatively minor dispute with a mediator, it will be resolved at trial.

IT IS SO ORDERED.

Dated this 7th day of January, 2019.

Ronald B. Leighton
United States District Judge