HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH FANGSRUD VON ESCH, et al.,

Plaintiffs,

v.

LEGACY SALMON CREEK HOSPITAL, et al.,

Defendants.

CASE NO. C16-5842 RBL

ORDER ON MOTION TO EXCLUDE EVIDENCE

THIS MATTER is before the Court on Defendant Asset's "Motion to Preclude Evidence of Damages Different than Plaintiff's Interrogatory Response No. 20 Dated March 14, 2017." [Dkt. # 83]. Asset does not dispute that a successful FDCPA plaintiff may recover garden variety non-economic or "emotional distress" damages[1]; instead, it seeks to exclude evidence of such damages in this case because the plaintiffs did not "timely" supplement their original interrogatory answer:

ANSWER: **Plaintiffs paid Asset $100.00 for a debt that was paid in full. Plaintiffs are entitled to $100.00, plus treble damages of $300.00, plus statutory damages of $1,000.00**

---

[1] The Court denied Plaintiffs' motion to amend their complaint to add an *intentional* infliction of emotional distress *claim* (an "outrage" claim) in the same order that dismissed the plaintiffs' complaint. [Dkt. # 46]. That portion of the Court's Order was affirmed. Nevertheless, plaintiffs sought and seek run of the mill emotional distress damages—loss of sleep, embarrassment, stress, and the like—as part of their FDCPA claim.

**plus costs and attorney's fees from Asset.**

[Dkt. # 26-2 at 6; Dkt. # 83 at 4].

The Fangsrud Von Esches recently (in March ) amended their Answer to this Interrogatory, claiming that they had suffered emotional distress damages, and "cross referencing" to all of the times they had previously so claimed in the record, including their complaint, their initial disclosures, their amended complaint, other discovery responses, and Renny Frangsrud Von Esch's deposition.

Asset asks the Court to exclude any such evidence, arguing that it has since "relied" on the original answer (while apparently ignoring the other references). It claims it was led to believe its maximum exposure in the case was $1400, plus costs and attorneys' fees. It was apparently confident that the Frangsrud Von Esches had failed to adequately place their emotional distress damages at issue, though it cannot deny that the plaintiffs consistently claimed and described such damages, before and after the discovery response, and before and after their successful appeal.

The Frangsrud Von Esches correctly point out that there was little reason for them to supplement their discovery while they appealed this Court's judgment against them—a process that took 14 months. They also point out that Asset's own discovery responses have evolved over time. Assest repeatedly denied, for example, that it had an insurance policy that might provide coverage for this case. In January, it supplemented its own response and admitted that actually had such a policy. According to plaintiffs, Asset also supplemented two additional interrogatory answers the day after it filed this motion. And the Court's Docket reflects that Asset has even more recently served two subpoenas on non-parties. [Dkt. #s 87 and 88]. The claim that it is too late for new or different discovery is hollow in this context.

Furthermore, Asset articulated its current position in connection with its motion to order mediation, filed some six months ago (following the 9th Circuit's reversal). Asset argued, as it does here, that its "exposure" was "only $1400 plus fees and costs." [Dkt. # 57]. Plaintiffs' response clearly articulated their contrary belief:

> Defendant cannot mislead the Court with the assertion that Plaintiff's damages are limited to $1,400.00. Dkt. #57, p. 2, lines 8 – 9, and p. 3, line 10. It is well established that the FDCPA provides for compensatory non-economic damages to an aggrieved consumer that are not limited to the out-of-pocket monetary damages the consumer suffered. *See, e,g, McCollough v. Johnson, Rodenburg & Lauinger*, LLC, 637 F.3d 939, 957 (9th Cir. 2011).

[Dkt. # 59 at 3-4]. Asset's Reply [Dkt. # 63] repeated its claim that non-economic damages were not at issue based on the discovery response, but it asked the Court only to order mediation—it did not seek a dispositive ruling on whether those damages were in play.

It is true that Plaintiffs waited longer than they could have to supplement the interrogatory Answer upon which Asset's entire damages argument was and is based. But Asset also strategically waited to seek a definitive ruling on what was obviously a point of contention. Any claim that Asset was blindsided by the supplemental answer is overstated. Asset knew the plaintiffs contended non-economic damages were at issue, and it "relied" primarily on its own belief that unless and until plaintiffs supplemented their interrogatory answer, the fact that the damages had been articulated elsewhere (including plaintiff's deposition) was not going to be enough. Asset chose not to tee up the issue until the plaintiffs supplemented their discovery answer, almost *six months* before trial. It is not "too late" to formally supplement a discovery response to reflect a position that the plaintiff has been consistently articulating elsewhere over the far-too-long course of this case.

The parties have argued about almost every aspect of this case—yes, this "relatively minor dispute"—since day one. At this point, the attorneys' fees incurred on both sides bear no

reasonable relationship to the core dispute, whether plaintiffs can seek plain vanilla non-economic damages, or not. Asset's Motion to Exclude Evidence based on the original discovery Answer is DENIED.

To be clear, however, the plaintiffs will not again be permitted to change or supplement or otherwise introduce new evidence of non-economic (or any other) damages. This is not an outrage or an intentional infliction of emotional distress case, and it will not be tried as one.

IT IS SO ORDERED.

Dated this 25th day of April, 2019.

Ronald B. Leighton
United States District Judge