HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH FANGSRUD VON ESCH,<br><br>    Plaintiff,<br><br> v.<br><br>LEGACY SALMON CREEK<br>HOSPITAL, et al.,<br><br>    Defendants. | CASE NO. C16-5842RBL<br><br>ORDER DENYING MOTION FOR<br>RECONSIDERATION |

THIS MATTER is before the court on Asset's Motion for Reconsideration of the Court's Order Denying its Motion to Exclude Evidence of Frangsrud Von Esch's emotional distress.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Asset's motion argued that it relied on Fangsrud Von Esch's initial Response to its Interrogatory No. 20, regarding elements of damage. It claimed that, despite other clear articulations of emotional distress (including Asset's deposition of Fangsrud Von Esch), her initial Response was binding, and that it litigated and mediated believing it had some sort of silver bullet preventing any evidence of emotional distress. The Court denied the motion.

Asset now argues that Fangsrud Von Esch never "properly" amended her Response to Asset's Interrogatory 20, because her signature is not notarized; thus, it argues, that effort is "a nullity." But her initial response was not even *signed*. Presumably, it too would be a nullity. Asset never sought to compel such a signature, apparently wagering that it could hold Fangsrud

Von Esch to the initial answer despite having been told repeatedly (and under oath) that she claimed some measure of plain vanilla emotional distress caused by Asset's conduct.

Asset's claim that it "reasonably relied" on an unsigned-but-favorable discovery response, while simultaneously seeking the exclusion of an unfavorable, signed-but-not-notarized supplemental response is inconsistent and unpersuasive.

The Motion for Reconsideration is DENIED.

Dated this 8th day of May, 2019.

_____
Ronald B. Leighton
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 3