SaraEllen Hutchison (WSBA # 36137)
LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
539 Broadway
Tacoma, WA 98402
Telephone:     206-529-5195
Facsimile:     253-302-8486
Email: saraellen@saraellenhutchison.com

*Attorney for Plaintiffs, Joseph & Renny Fangsrud von Esch*

THE HONORABLE JUDGE LEIGHTON

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JOSEPH and RENNY FANGSRUD VON ESCH,<br><br>Plaintiffs,<br>v.<br><br>LEGACY SALMON CREEK HOSPITAL, a Washington Company, ASSET SYSTEMS, INC., an Oregon Corporation d/b/a in Washington as ASSET SYSTEMS, pursuant to Washington UBI No. 601474356,<br><br>Defendants. | NO.  3:16-cv-05842-RBL<br><br>**PLAINTIFFS' MOTIONS IN LIMINE**<br><br>**NOTE ON MOTION CALENDAR: FRIDAY, AUGUST 16, 2019** |

PLAINTIFFS, through counsel, respectfully submit the following Motions in Limine.

## I.    INTRODUCTION

Defendants ASSET SYSTEMS, INC., an Oregon Corporation d/b/a in Washington as ASSET SYSTEMS, pursuant to Washington UBI No. 601474356 ("Defendants" or "Asset") remain in this action. This is trial on Defendants' liability to Plaintiffs and Plaintiffs' damages

PLAINTIFFS' MOTION IN LIMINE          1
NO.  3:16-cv-05842-RBL

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

under the Fair Debt Collection Practices Act and Washington State Consumer Protection Act. Plaintiff requests the following relief:

1. An Order, before trial and selection of the jury, instructing Defendants and their attorneys and witnesses not to directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, without first obtaining the permission of the Court, after full hearing:

   a. Facts not relevant to the issues before the trier of fact, including:

      i. Plaintiff's Appeal of the Court's decision dismissing Legacy Salmon Creek Hospital / Legacy Health System, and the results on appeal.

      ii. Facts concerning Defendants' reputation and endorsements.

      iii. Facts concerning intent/state of mind, except for the narrow purpose of the *affirmative* defense of bona fide error. They are not relevant to whether the statute was violated.

      iv. Facts concerning and reference to Clark County District Court Cause No. 15C5683-5.

      v. Facts concerning other debts of Plaintiffs, including other medical debts of Plaintiffs, and Plaintiffs' creditworthiness.

   b. Testimony of lay witnesses lacking personal knowledge.

   c. Evidence or witnesses not previously disclosed.

   d. Evidence concerning Plaintiff's monetary motives for bringing the case.

PLAINTIFFS' MOTION IN LIMINE
NO. 3:16-cv-05842-RBL

2

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

e. Argument, testimony or reference to the assertion that Plaintiffs have "no" damages just because the dollar amount of Plaintiffs' out-of-pocket damages may be relatively small.

f. Argument, testimony or reference to the assertion that emotional distress damages are not available under the Fair Debt Collection Practices Act.

g. Argument, testimony or reference to the assertion that Plaintiffs are "responsible" for their damages, "failed to mitigate their damages," or were in any other way contributorily at fault.

h. References to attorneys' fees.

i. Evidence or reference to benefits from a collateral source.

j. "Failure" to call a witness, including Plaintiffs' choice to not use expert testimony.

k. Evidence or reference to the use of proceeds or taxation of proceeds.

l. Argument on reducing damages to present value.

m. Information or reference to advice of counsel or attorney client protected materials.

n. Reference to Plaintiffs' Motion In Limine.

2. An Order that the issues of statutory damages pursuant to 15 U.S.C. §1692k(b)(1) and the trebling of actual damages pursuant to RCW 19.86.090 shall be tried by the Court and not by the jury.

PLAINTIFFS' MOTION IN LIMINE         3
NO. 3:16-cv-05842-RBL

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

3. An Order, before trial and selection of the jury, directing Defendants' attorneys to instruct, warn and caution each and every one of Defendants' witnesses to strictly follow the Order entered by the Court in connection with this Motion.

4. An order excluding non-party witnesses pursuant to FRE 615.

## II.   MOTIONS IN LIMINE

### 1. *Introduction of evidence that is not relevant.*

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence means "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable..." Fed. R. Evid. 401. "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, Defendants must not be permitted to present certain arguments and facts at trial because these facts and arguments are either not relevant, or their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. Each of these facts and arguments will be discussed in turn.

a. *Facts not relevant to the issues before the trier of fact*:

   i. *Plaintiffs' results in their direct claims against Legacy*. The fact Legacy was dismissed from this case and that was upheld on appeal is not relevant to Plaintiffs' damages proximately caused by Asset. Facts and argument about the status of Plaintiffs' claims against Legacy will only confuse the jury and should be excluded.

PLAINTIFFS' MOTION IN LIMINE   4
NO. 3:16-cv-05842-RBL
Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

  ii. *Facts concerning Defendants' reputation and endorsements*. Reference to, or written statement of, any endorsement of Defendants by any entity, public or private, client, business, or otherwise are not admissible. Defendants' reputations have no bearing on Plaintiffs' damages proximately caused by Defendants. Defendants' reputations are not dispositive of whether Defendants maintained and followed procedures reasonably calculated to avoid violations of the FDCPA. The FDCPA contains a single affirmative defense: the Bona Fide Error defense ("BFE"). 15 U.S.C. §1692k(c). The BFE defense requires the Asset Defendants to affirmatively prove two elements: 1) That the violation was unintentional; and 2) That the violation occurred despite the maintenance of procedures reasonably adapted to avoid the specific errors that occurred in this case. 15 U.S.C. §1692k(c)*.*

  iii. *Facts concerning Defendants' intent/state of mind may only be considered concerning the* affirmative *defense of Bona Fide Error*. Reference to Defendants' state of mind is not relevant to whether the statute was violated, as "[t]he test for determining whether a debt collector violated the FDCPA is objective and does not depend on whether the debt collector intended to deceive or mislead the consumer." (*Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162, 1171 (9th Cir. 2006).) These claims/arguments are only relevant to Defendants' *affirmative* defense of bona fide error.

  iv. *Facts concerning, and reference to Clark County District Court Cause No. 15C5683-5*. These are not relevant as to whether a violation occurred, the nature and

PLAINTIFFS' MOTION IN LIMINE
NO. 3:16-cv-05842-RBL

5

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

extent of noncompliance, or whether the affirmative defense of bona fide error is available to defendants, or damages proximately caused by Defendants. Defendants should not be permitted to question Plaintiffs about their other debts, their credit worthiness, or whether the debt at issue in this action was valid, or testify or make such arguments in Defendants' defense, as these are not relevant. However, the damage to Plaintiffs' financial wellbeing, credit worthiness, financial stability, financial health, or business or property interests caused by Defendants' actions are relevant to the extent of damages and questions and evidence relating to a continuing harm to Plaintiffs' financial wellbeing and creditworthiness. A defendant is required to comply with the FDCPA whether or not *any* debt is owed.  *See* 15 U.S.C. § 1692a(3), (5) & (6).  The existence or validity of an underlying debt is not material in an FDCPA action; "every individual, whether or not he owes the debt, has a right to be treated in a reasonable and civil manner." *Baker v. G.C. Services, Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (citing 123 Cong.Rec. 10241 (1977)).

 v. *Facts concerning other debts of Plaintiffs, including other medical debts of Plaintiffs, and Plaintiffs' creditworthiness*. As with section *iv* above, these are not relevant as to whether a violation occurred here, the nature and extent of noncompliance, whether the affirmative defense of bona fide error is available to Defendants, or damages proximately caused by Defendants. Defendants should not be permitted to question Plaintiffs about their other debts, their credit worthiness, or whether the debt at issue in this action was valid, as these are not relevant. However,

PLAINTIFFS' MOTION IN LIMINE
NO. 3:16-cv-05842-RBL 6 Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

the damage to Plaintiffs' financial wellbeing, credit worthiness, financial stability, financial health, or business or property interests caused by Defendants' actions are relevant to the extent of damages and questions and evidence relating to a continuing harm to Plaintiffs' financial wellbeing and creditworthiness.

    b. ***Testimony of lay witnesses lacking personal knowledge.*** It is black-letter law that such testimony is not relevant or admissible. FRE 602; 701; 401; 402; 403 Lay witnesses may only testify to matters on which they have "personal knowledge." Fed. R. Evid. 602. A lay witness also cannot give opinion testimony unless it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of [the witness's testimony] or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; *U.S. v. Durham,* 464 F.3d 976 (9th Cir. 2006). "Courts have found lay witness testimony unhelpful and thus inadmissible if it is mere speculation, an opinion of law, or if it usurps the jury's function." *Sudre v. The Port of Seattle,* No. C15-928-JLR (W.D. Wash., Dec. 2, 2016) *citing Cal. Found. for Indep. Living Ctrs.,* 142 F. Supp. 3d 1035, 1045 (E.D. Cal., Nov. 4, 2015).

No lay witness of Defendants should be permitted to testify regarding Plaintiffs' damages, because only Plaintiffs have personal knowledge of their damages.

    c. ***Introduction of evidence or witnesses not previously disclosed.***

Fed. R. Civ. P. 37(c) prohibits the entry of evidence not previously disclosed as required under Fed. R. Civ. P. 26(e) "unless the failure was substantially justified or harmless." Fed. R.

PLAINTIFFS' MOTION IN LIMINE
NO. 3:16-cv-05842-RBL

7

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Civ. P. 26(e) requires timely disclosure of discovered information that would be required as an initial disclosure or would be responsive "to an interrogatory, request for production, or request for admission."

Defendants should be prohibited from presenting any documentary or recorded evidence and any witness other than Defendants. Defendants never disclosed any witnesses in this action.

### d. *Evidence concerning Plaintiffs' monetary motives for bringing the case.*

The FDCPA provides statutory damages. *See* 15 U.S.C. § 1692k(a)(2)(A). However, "consumers are unlikely to incur the time and trouble inherent in bringing suit if they expect to recover only minimal [actual] damages [; therefore,] Congress apparently concluded that [] statutory damages… would provide incentive for consumers who could prove only minimal damages to bring suit to enforce the Act." *Beattie v. DM Collections, Inc.*, 764 F.Supp. 925, 928-29 (D. Del. 1991). Statutory damages also incentivize debt collectors to obey the law. *See Strange v. Wexler*, 796 F.Supp. 1117, 1120 (N.D. Ill. 1992) ("One purpose of statutory damages is to create an incentive to obey the law."). To determine the amount of statutory damages, the Court considers the nature of the violation, the frequency and persistence of the violation, the extent to which the violation was intentional, and the number of violations. 15 U.S.C. §1692k(b)(1).

Defendants may attempt to inflame the jury by claiming that Plaintiffs are in this case "for the money" or implications to that point. By denigrating the motives of Plaintiffs, Defendants would contravene Congress' express intent that Plaintiffs **properly have** such a

PLAINTIFFS' MOTION IN LIMINE  
NO. 3:16-cv-05842-RBL

8

Law Office of SaraEllen Hutchison, PLLC  
539 Broadwaty | Tacoma, WA 98402  
Ph (206) 529-5195 | Fax (253) 302-8486  
saraellen@saraellenhutchison.com

monetary motive. Defendants may try to recast the potential statutory award as litigious or otherwise greedy. Nothing in the FDCPA allows the jury to consider Plaintiffs' motives in awarding damages. *See* 15 U.S.C. §1692k. Accordingly, testimony or evidence regarding Plaintiffs' motives in bringing this lawsuit is immaterial, irrelevant, and prejudicial. *See* R. 401 & R. 403. For the same reasons, any possible monetary motive Plaintiffs have in bringing their case under the Washington State Consumer Protection Act is not relevant or admissible. The Washington State Consumer Protection Act encourages consumers to act as private attorneys general. *See, e.g., Hangman Ridge v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 790, 719 P.2d 531 (Wash. 1986).

Occasionally, some defense attorneys have argued that civil plaintiffs are merely seeking to get rich just as one might by "purchasing a lottery ticket" or some similar reference. Objections are consistently sustained, but this is improper conduct and the objectionable reference is then before the jury. This type of reference is obviously improper for several reasons, including the following: a) It is irrelevant to the issues of the case. FRE 402; b) It is prejudicial and misleading to the jury. FRE 403; and c) It misconstrues and demeans our system of justice, and encourages the jury to treat the case frivolously. Reference to a lottery or other game of chance improperly suggests that a jury verdict may be based upon speculation, conjecture and guess, rather than on the evidence of the case. "The rule is well established that the existence of a fact or facts cannot rest in guess, speculation or conjecture." *Home Ins. Co. v. Northern Pac. Ry.*, 18 Wn.2d 798, 802, 803, 140 P.2d 507 (1943).

PLAINTIFFS' MOTION IN LIMINE          9
NO.  3:16-cv-05842-RBL

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

e. **_Argument, testimony or reference to the assertion that Plaintiffs have "no" damages just because the dollar amount of Plaintiffs' out-of-pocket damages may be relatively small_**

*- and -*

f. **_Argument, testimony or reference to the assertion that emotional distress damages are not available under the Fair Debt Collection Practices Act_**

This issue was already decided by the Court. (Dkt. 89). Plaintiffs absolutely may present evidence of their "run of the mill emotional distress damages—loss of sleep, embarrassment, stress, and the like." (Dkt. 89, fn. 1.) It is well-settled that such damages are available under the FDCPA, and such damages cannot be offset or canceled out by a comparatively small amount of out-of-pocket losses; these are distinct types of damages. Plaintiffs will put on evidence of their "garden variety" emotional distress damages, and intend to do so efficiently, with respect for the Court's time and the Jury's time. Defendants, however, have vehemently denied that such damages are available to Plaintiffs despite this being well-settled law. Plaintiffs have a reasonable fear that Defendants and Defendants' counsel may attempt to confuse the jury and "ring the bell" by saying that Plaintiffs have "no" damages and risk a mistrial. A strong Order is warranted here, given the history of this litigation.

g. **_Argument, testimony or reference to the assertion that Plaintiffs are "responsible" for their damages, "failed to mitigate their damages," or were in any other way contributorily at fault._**

There is no such thing as contributory fault under the FDCPA. These are not available defenses, and any argument, testimony or reference that sounds in contributory fault or failure to mitigate would only confuse the jury and unnecessarily prolong the trial.

PLAINTIFFS' MOTION IN LIMINE
NO. 3:16-cv-05842-RBL

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

h. *Reference to Attorney's Fees.*

The FDCPA relies on and encourages consumers to act as private attorneys general to enforce the public policies expressed therein. *See* 15 U.S.C. § 1692k(a). Congress stated its unequivocal intent ''that private enforcement actions would be the primary enforcement tool of the Act…" *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780–781 (9th Cir. 1982) (citing 123 Cong.Rec. 28112-13 (1977) (remarks of Rep. Annunzio).

"The award of attorney fees is a matter for the judge not the jury." *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991).

The Ninth Circuit reasoned:

> In a case where the Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or non-existent. When damages are nominal, there is a risk that the jury may believe that the "harm" does not justify the payment of a large fee award. **The jury may thus decide to find for Defendant rather than allow the Plaintiffs' attorney to recover fees**.

*Id*. (emphasis added).

Accordingly, evidence of Plaintiff's attorney's fees attributable to the instant federal action should be precluded as wholly irrelevant. Fed. R. Evid. 401.

i. *Benefits from a Collateral Source.*

Ordinarily, no mention, comment, question, argument, or other reference whatsoever should be made to the fact that any party has received, has been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character from a collateral source, including, but not limited to (a) collateral insurance coverage; (b) welfare or other social legislation benefits; or (c) gratuitous payments or benefits. The fact that a party may have

PLAINTIFFS' MOTION IN LIMINE  
NO. 3:16-cv-05842-RBL

11

Law Office of SaraEllen Hutchison, PLLC  
539 Broadwaty | Tacoma, WA 98402  
Ph (206) 529-5195 | Fax (253) 302-8486  
saraellen@saraellenhutchison.com

received benefits from collateral insurance coverage, from public assistance or gratuitous payments or benefits "does not operate to lessen the damages recoverable from the wrongdoing." *Cox v. Spangler*, 141 Wn.2d. 431, 5 P.3d. 1265 (2000); *Johnson v. Weyerhaeuser Co.*, 134 Wn.2d 795, 798, 953 P.2d 800 (1998); *Cox v. Lewiston Grain Growers, Inc.,* 86 Wn.App. 357, 375, 936 P.2d 1191 (1997).

Here, the fact that Plaintiffs' medical bill with Legacy Salmon Creek was paid by Plaintiffs' health insurance, Kaiser Permanente, is altogether different from a collateral source issue, and does not run afoul of this time-honored rule. Plaintiffs' health insurance with Kaiser is not insurance for the contingency that they may be the victim of sloppy billing practices and unlawful collection. While collateral source evidence is improper, evidence of Plaintiffs' health insurance having paid the bill to Legacy Salmon Creek Hospital is proper and relevant.

### j. "Failure" to Call a Witness.

No reference to the "failure" of Plaintiff to call a doctor or any other witness should be permitted. *Carlos v. Cain*, 4 Wn. App. 475, 481 P.2d 945 (1971). Expert testimony and medical testimony are absolutely not required to prove emotional distress. *See, e.g. Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020, 1040 (9th Cir. 2003). Emotional distress "may be proven by reference to injured party's conduct and observations by others." *Zhang, supra,* citing *Carey v. Piphus,* 435 U.S. 247, 264 n. 20, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

Here, Plaintiffs' testimony and the testimony of Plaintiffs' witnesses is sufficient to establish Plaintiffs' emotional distress proximately caused by Defendants' violations of state and federal law. The jury will be able to determine the amount of Plaintiffs' damages from hearing

PLAINTIFFS' MOTION IN LIMINE
NO. 3:16-cv-05842-RBL

12

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

the testimony. Defendants must not be permitted to mention or argue Plaintiffs' lack of medical or other expert testimony to refute Plaintiffs' damages.

### k. *Use of Proceeds; Taxation of Proceeds.*

Any reference to the purpose or manner to which the Plaintiffs may or may not apply any proceeds of this action is irrelevant and likely to prejudice or confuse the jury. Fed. R. Evid. 401, 402, 403.

The fact that any recovery by the Plaintiffs either would or would not be subject to federal income tax or any other form of taxation. The case of *Hinzman v. Palmanteer*, 81 Wn.2d 327, 501 P.2d 1228 (1972) has definitively set forth the rule with regards to income tax. *See also, Boeke v. International Paint Co.,* 27 Wn. App. 611, 620 P.2d 103 (1980).

### l. *Limitation on Reducing Damages to Present Value.*

No colloquy or argument by the defense should be permitted whatsoever attempting to relate general damages to investments, interest rates, or rate of return, or otherwise expressly or implied indicating to the jury that general damages should be reduced to present value. *See* WPI 34.02. The law is clear that general damages are not to be reduced to present value. The defense should not be allowed to argue the inverse of that argument by suggesting to the jury that any amount received now, if deposited in a banking institution, would receive a specified rate of interest over a period of time thus resulting in Plaintiffs ending up with a substantially larger amount if properly invested.

///

PLAINTIFFS' MOTION IN LIMINE     13
NO. 3:16-cv-05842-RBL

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

      **m.   <u>Advice of Counsel and Attorney Client Protected Materials and Conversations.</u>**

Defendant should be prohibited from making any reference to the circumstances surrounding Plaintiff's legal consultation or advice from their attorneys, including when the attorney was retained and the terms/conditions of retention. Such reference is irrelevant and would serve only to confuse the jury. *State v. Sexsmith*, 186 Wash. 345, 57 P.2d 1249 (1936); Fed. R. Evid. 402.

Defendant should likewise be prohibited from making any reference to matters that are protected by Legacy's attorney-client privilege. Defendants' response to Plaintiff's Motion for Summary Judgment contained numerous references to materials and conversation that were protected by Legacy's attorney-client privilege. Such materials should not be allowed into evidence without the express consent of Legacy who holds the privilege.

      **n.   <u>Reference to Plaintiff's Motions in Limine</u>.**

Defendant(s) should be prohibited from any reference to Plaintiff's Motion or the court's ruling on the Motion. It is improper to state or to imply to the jury that a party has sought to exclude evidence bearing on the issues in a case or on the rights of the parties. Reference to the bringing of a motion in limine or to court rulings on the motion would be irrelevant under ER 402, and confusing and prejudicial under ER 403.

   **2.   <u>Statutory Damages and Trebling Factors are determined by the Court.</u>**

The FDCPA and CPA include multiple separate measures of damages, which are determined separately by the trier of fact and the court. The jury may determine the amount of actual damages under the FDCPA, including emotional distress. The jury may determine the

PLAINTIFFS' MOTION IN LIMINE              14
NO. 3:16-cv-05842-RBL

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

amount of actual damages under the CPA, which includes injury to business and property but excludes non-economic damages. The FDCPA also provides for statutory damages. *See* 15 U.S.C. § 1692k(a)(2)(A). Under the FDCPA, the Court shall decide the "*frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional.*" 15 U.S.C. §1692k(b)(1). And similarly, under the CPA, RCW 19.86.090, the Court determines whether Plaintiff's actual damages pursuant to the CPA should be trebled up to $25,000: "*In addition, the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained: PROVIDED, That such increased damage award … may not exceed twenty-five thousand dollars…*" RCW 19.86.090.

3. An Order, before trial and selection of the jury, directing Defendants' attorneys to instruct, warn and caution each and every one of Defendants' witnesses to strictly follow the Order entered by the Court in connection with this Motion. This is appropriate in this case.

4. **<u>Exclusion of witnesses under Fed. R. Evid. 615</u>**.

Upon request of a party the Court shall require the exclusion of all potential witnesses, except the parties, from being present in the courtroom during the taking of testimony. Fed. R. Evid. 615. Plaintiffs requests that the Court require the exclusion of all potential witnesses except the parties. This is appropriate in this case.

///

///

PLAINTIFFS' MOTION IN LIMINE   15
NO. 3:16-cv-05842-RBL

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

## III.   CONCLUSION

For the reasons discussed above, this Court should grant Plaintiffs' requested relief.

DATED THIS 31st day of July, 2019.

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
539 Broadway
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
Email: saraellen@saraellenhutchison.com

s//Robert Mitchell
ROBERT MITCHELL (WSBA #37444)
ROBERT MITCHELL, ATTORNEY AT LAW, PLLC
700 W. Evergreen Blvd.
Vancouver, WA  98660
Telephone:   360-993-5000
Facsimile:   888-840-6003
Email:            bobmitchellaw@yahoo.com
*Attorney for Plaintiffs, Fangsrud von Esch*

## LCR 7(d)(4) CERTIFICATION

I hereby certify that on July 29-30, 2019, the parties, through counsel, held a meet-and confer via email regarding the above Motions in Limine. Counsel for Defendants objects to items 1 - 3 and does not object to item 4.

DATED THIS 31st day of July, 2019.

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
539 Broadway

PLAINTIFFS' MOTION IN LIMINE
NO.  3:16-cv-05842-RBL

16

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
Email: saraellen@saraellenhutchison.com

 s//Robert Mitchell
ROBERT MITCHELL (WSBA #37444)
ROBERT MITCHELL, ATTORNEY AT LAW, PLLC
700 W. Evergreen Blvd.
Vancouver, WA  98660
Telephone:   360-993-5000
Facsimile:    888-840-6003
Email:             bobmitchellaw@yahoo.com
*Attorney for Plaintiffs, Fangsrud von Esch*

### CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2019, the foregoing was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

Dated this 31st day of July, 2019 at Tacoma, Washington.

S//SaraEllen Hutchison
SaraEllen Hutchison (WSBA No. 36137)
Law Office of SaraEllen Hutchison, PLLC
539 Broadway
Tacoma, WA 98402
Ph 206-529-5195
F 253-302-8486
saraellen@saraellenhutchison.com

PLAINTIFFS' MOTION IN LIMINE                17
NO.  3:16-cv-05842-RBL

Law Office of SaraEllen Hutchison, PLLC
539 Broadwaty | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com