1  SaraEllen Hutchison (WSBA # 36137)                    THE HONORABLE JUDGE LEIGHTON
   LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2  539 Broadway
   Tacoma, WA 98402
3  Telephone:      206-529-5195
   Facsimile:      253-302-8486
4  Email: saraellen@saraellenhutchison.com
5
   *Attorney for Plaintiffs, Joseph & Renny Fangsrud von Esch*
6

7

8

9                     UNITED STATES DISTRICT COURT
10            WESTERN DISTRICT OF WASHINGTON AT TACOMA

11   JOSEPH and RENNY FANGSRUD              NO.  3:16-cv-05842-RBL
     VON ESCH,
12
13          Plaintiffs,                      **PLAINTIFFS' RESPONSE TO
                          v.                 ASSET'S MOTIONS IN LIMINE**
14
     LEGACY SALMON CREEK
15   HOSPITAL, a Washington Company,
     ASSET SYSTEMS, INC., an Oregon
16   Corporation d/b/a in Washington as
     ASSET SYSTEMS, pursuant to
17   Washington UBI No. 601474356,
18                     Defendants.

19          PLAINTIFFS, through counsel, respectfully submit the following Response to ASSET

20   SYSTEMS, INC's ("Defendant") Motions in Limine.

21                          I.      INTRODUCTION

22          This is a simple Fair Debt Collection Practices Act and Consumer Protection Act case

23
24   against one remaining defendant. Defendant, however, attempts to expand this litigation by filing

25   complex, untimely dispositive motions under the title of motions in limine.

26   PLAINTIFFS' RESPONSE TO ASSET'S                1              Law Office of SaraEllen Hutchison, PLLC
     MOTIONS IN LIMINE                                                  539 Broadway | Tacoma, WA 98402
     NO. 3:16-cv-05842-RBL                                           Ph (206) 529-5195 | Fax (253) 302-8486
                                                                     saraellen@saraellenhutchison.com

In its last rulings denying the parties' cross-motions for summary judgment, denying Defendant's motion to strike its own agent's testimony, and denying Defendant's motion to prevent Plaintiffs from testifying about their damages at trial, this Court expressed concern that this case has been over-litigated.  Despite the Court's clear message, Defendant now requests dispositive rulings on issues that are either untimely, were already determined, or are squarely within the province of the jury. Plaintiff will address each of Defendant's requests in sequence.

## II.     ARGUMENT

1. **Motion to exclude evidence/argument that Asset violated any provision of the FDCPA other than 1692e is an inappropriate motion for "judgment:"**

The purpose of motions in limine is to frame the evidence that will be presented to the jury, not to file untimely dispositive motions. The 9th Circuit reversed summary judgment on Plaintiff's FDCPA claim against Defendant. If Defendant had wanted to file a dispositive motion to get a ruling on Plaintiff's 1692f claim, Defendant could have filed that motion prior to the Court's deadline. This Court already ruled that it would entertain no more dispositive motions and that the case is going to trial. If the Court wishes to entertain this motion, Plaintiffs request additional time to respond, in accordance with FRCP 56 and LCR 7(d)(3). Plaintiffs would prefer that the Court not be burdened with this issue at this late hour.

2. **Motion to exclude evidence/argument that Asset violated any provision of the WCAA other than collecting the erroneous amount and threat of a lawsuit:**

As with No. 1 above, this is an attempt to obtain a dispositive ruling from the Court on Washington Collection Agency Act ("WCAA") claims pled in Plaintiffs' Amended Complaint. Defendant could have sought this relief prior to the deadline, but did not. Furthermore,

PLAINTIFFS' RESPONSE TO ASSET'S
MOTIONS IN LIMINE
NO.  3:16-cv-05842-RBL

2

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

1
2
"collecting the erroneous amount" and "threat of a lawsuit" describe conduct that fits into

3
multiple subsections of RCW 19.16.250.

4
**3.   Excluding the phrases "least sophisticated consumer" and "least sophisticated debtor:"**

5
6
Defendant's request to exclude "least sophisticated consumer/debtor" essentially asks the

7
Court to make an 11th-hour dispositive ruling on whether Defendant violated the FDCPA. This

8
will be up to the jury. Plaintiffs have offered to streamline the trial and use the respective skill

9
sets of the Court and jury more efficiently by suggesting that the Court decide statutory damages

10
and monetary damages.

11
12
Regarding the 1692e claim, the "least sophisticated consumer" standard is necessary for

13
the trier of fact, here the jury, to decide that claim. In fact, other courts in this circuit have

14
instructed juries on the least sophisticated consumer standard, and Plaintiffs' proposed jury

15
instruction on this issue is taken from one of those cases. *Fausto v. Credigy Services Corp, et*

16
*al.,* 2009 Jury Instr. LEXIS 258; 2007 U.S. Dist. Ct. Jury Instr. 620708.

17
**4.   Excluding evidence of "unfair" and "deceptive:"**

18
19
It is difficult to imagine a subject more fit for a jury to decide than questions of fairness,

20
or whether a reasonable person would be deceived by Defendant's actions, especially where this

21
Court has already rejected the parties' competing motions for summary judgment and ordered

22
that this case will be submitted to the jury. In fact, the Washington Pattern Jury Instructions

23
charge the jury to decide these issues. WPI 310.01.

24
25
26
PLAINTIFFS' RESPONSE TO ASSET'S
MOTIONS IN LIMINE
NO.  3:16-cv-05842-RBL

3

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

A court might decide as a matter of law that a case should not survive summary judgment because no reasonable juror could find that an act or practice was unfair or deceptive – as the 9th Circuit did with Plaintiffs' claim against Legacy. A court might also decide as a matter of law that no reasonable juror could find an act or practice was *not* unfair or deceptive. However, this ongoing dispute regarding whether Asset's actions were "fair" illustrates why this inquiry is wholly inappropriate on a motion in limine. As such, through this motion in limine, Defendant inappropriately seeks a dispositive ruling. The time to do so has passed, and the jury must decide this issue.

5. **Not contested by Plaintiffs**.

6. **Asset changing its name on collection correspondence**:

This is essentially another request for "judgment." Defendant has misunderstood this allegation from the outset of this case. The claim has nothing whatsoever to do with *Asset* changing *Asset's* name. The claim is based on the fact that Asset sent Mrs. Fangsrud von Esch collection notices. Mrs. Fangsrud von Esch engaged in multiple communications disputing the account with Asset and Legacy Salmon Creek Hospital.

*After* Legacy agreed that the account was erroneous and uncollectable, Asset changed the *consumer/debtor's* name on the account and sent Mr. Fangsrud von Esch a collection letter demanding payment of more than $7,000. The June 12, 2016 collection letter to Joseph Fangsrud von Esch that is at the heart of this case: Asset mailed Joseph Fangsrud von Esch a collection letter demanding payment of more than $7,000.00, *after* the creditor agreed that the account was erroneous and uncollectible.

4

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

Because this is the claim at the heart of this case, a claim that was remanded following appeal, Plaintiffs clearly never waived this claim.  As such, any claim that Plaintiffs failed to prosecute this claim is untenable because it was this very letter that the Ninth Circuit found to present a genuine issue of material fact regarding Asset's violations.

**7.** **The $100 item of damage**:

This is essentially a request for "judgment" at the eleventh hour. Plaintiffs and Defendant maintain opposing views on whether Plaintiffs' payment of $100 to stall an imminent lawsuit is $100 towards Plaintiffs' monetary damages. Not only is it black-letter law that whether a debt is owed is not dispositive to an FDCPA claim, Defendant has argued against that well-settled law in every dispositive motion, and at this point, it is going to be up to the jury to decide.

Plaintiff alleges that Asset threatened her with a lawsuit if she refused to pay the erroneous $7,000.00.  Asset flatly denies ever threatening Plaintiff with a lawsuit. Plaintiff then paid Defendant $100.00, and agreed to pay the remaining balance.  This is not only evidence of damages, but it speaks to the heart of Plaintiffs' claims that they were threatened with a lawsuit to collect the erroneous $7,000.00 debt.  The jury will be asked: "Why would anyone agree to pay a debt they do not owe, and make a $100.00 down payment toward that agreement, if they were not threatened in any manner?" The $100.00 payment is essential to Plaintiffs' claims.

**8.** **Prejudgment interest**:

Again, Defendant mischaracterizes the issues presented.  The question is not whether Defendant is allowed to collect prejudgment interest in a vacuum.  The question is whether it was unfair or deceptive for Defendant to attempt to collect prejudgment interest that was never

PLAINTIFFS' RESPONSE TO ASSET'S
MOTIONS IN LIMINE
NO.  3:16-cv-05842-RBL

5

owed.  The Federal and State Statutes at issue in this matter clearly proscribe debt collectors collecting any amount that is not owed by contract or law.

Here, Defendant admits attempting to collect over $1,700.00 in interest.  Defendant admits that Plaintiffs never owed $1,700.00 in interest.  Defendant's unfair and deceptive conduct is therefore specifically prohibited by statute.  Defendant cannot avoid this reality by pointing out the fact that this Court ruled that Defendant is entitled to collect interest on a balance that is legally owed.  Given the language Defendant used to address this issue, it appears as though Defendant still believes that this Court ruled in favor of Defendant collecting interest calculated on an erroneous principal, which is a worrisome proposition that absolutely needs to be presented to a jury for resolution.

Again, the time to seek a dispositive ruling on this issue has passed. It will be up to the jury to determine if Defendant's seeking interest calculated on an admittedly incorrect principal sum violated either of the consumer statutes at issue here.

9. **Plaintiffs incorporate by reference and restates the same objections and arguments as No. 8, above.**

10. **Plaintiffs incorporate by reference and restates the same objections and arguments as No. 8, above.**

11. **"Willful, wanton, extreme or outrageous:"**

An outrage claim is not before the jury. Punitive damages are not before the jury. Plaintiffs suggest instructions that focus on compensatory damages and instruct the jury: "that when making an award for mental and emotional suffering and distress you should exercise calm

PLAINTIFFS' RESPONSE TO ASSET'S MOTIONS IN LIMINE NO.  3:16-cv-05842-RBL

6

and reasonable judgment" and that "the compensation must be just and reasonable." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011). This standard should be sufficient to instruct the jury that this is not "punishment."

**12. Not opposed.**

**13. Not in issue. Plaintiffs do not have an economist testifying.**

**14. Communications between Plaintiffs and Legacy:**

The Federal Rules of Evidence provide that relevant evidence is generally admissible unless the probative value is substantially outweighed by prejudice, confusion, or waste of time. FRE 401 – 403.

Here, Plaintiffs' communications with *Asset's client* regarding the subject debt are absolutely relevant, especially where Asset's affirmative defense rests on its claim that it *relied on that client*. Defendant mailed Plaintiffs collection notices demanding payment of over $7,000.00.   Plaintiff only owed $400.00, an insurance copay.   The jury will be confused regarding why Asset's demand was a grossly different from the copay amount unless the communications between Plaintiffs and Legacy help explain "how we got here."

For the jury to determine if Asset knew or should have known its demand was inaccurate, the jury needs to know Plaintiffs' dispute history. The jury is likely to become confused and have more questions during deliberation if they are deprived of these important background facts. The fact that some of this information may be unflattering to Defendant just underscores its relevance. Furthermore, these are facts primarily concerning Plaintiffs' interactions with non-parties, so the potential for confusion and prejudice toward Defendant is miniscule.

PLAINTIFFS' RESPONSE TO ASSET'S
MOTIONS IN LIMINE
NO.  3:16-cv-05842-RBL

7

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

15. **Communications between Plaintiffs and Kaiser**: Plaintiffs incorporate by reference and restate their opposition and argument to No. 14 above.

16. **Communications between Plaintiffs and Asset**: There is absolutely no reason whatsoever to exclude any communications between the parties in this case.

17. **"No damages:"**

As with No. 7 above, despite the amount of time these damages have been part of the record, the parties maintain opposing views on whether Plaintiffs' $100.00 payment to stall an imminent lawsuit is $100.00 towards Plaintiffs' monetary damages and injury to property interests, as are whether paying for parking, missing a firefighter shift stipend, Legal Shield fees, and suffered loss of reputation or goodwill. It is well settled and a pattern jury instruction that damages may be minimal under the WCPA. *See* WPI 310.06. Defendant has argued the opposite in every dispositive motion, and at this point, it is going to be up to the jury to decide.

### III.   CONCLUSION

For the reasons discussed above, this Court should deny Defendant's requested relief. Should this Court wish to entertain Defendant's request for dispositive rulings on any issue, Plaintiffs respectfully requests additional time to respond in accordance with FRCP 56 and LCR 7(d)(3). Plaintiffs, however, strongly prefer the simpler, more expedient route of letting the jury decide.

DATED THIS 12th day of August, 2019.

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC

PLAINTIFFS' RESPONSE TO ASSET'S MOTIONS IN LIMINE NO. 3:16-cv-05842-RBL

8

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

1  
2  
539 Broadway  
Tacoma, WA 98402  
Telephone: (206) 529-5195  
Facsimile: (253) 302-8486  
Email: saraellen@saraellenhutchison.com

3  
4  
5  
  s//Robert Mitchell

6  
ROBERT MITCHELL (WSBA #37444)  
ROBERT MITCHELL, ATTORNEY AT LAW, PLLC  
700 W. Evergreen Blvd.  
Vancouver, WA  98660  
Telephone:   360-993-5000  
Facsimile:   888-840-6003  
Email:          bobmitchellaw@yahoo.com

7  
8  
9  
10  
*Attorneys for Plaintiffs, Fangsrud von Esch*

11  
## CERTIFICATE OF SERVICE

12  
13  
I hereby certify that on the 12th day of August, 2019, the foregoing was filed via the

14  
Court's CM/ECF system, which will automatically serve and send email notification of such

15  
filing to all registered attorneys of record.

16  
Dated this 12th day of August, 2019 at Tacoma, Washington.

17  
18  
S//SaraEllen Hutchison  
SaraEllen Hutchison (WSBA No. 36137)  
Law Office of SaraEllen Hutchison, PLLC  
539 Broadway  
Tacoma, WA 98402  
Ph 206-529-5195  
F 253-302-8486  
saraellen@saraellenhutchison.com

19  
20  
21  
22  
23  
24  
25  
26  
PLAINTIFFS' RESPONSE TO ASSET'S
MOTIONS IN LIMINE
NO.  3:16-cv-05842-RBL

9