HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH and RENNY FANGSRUD VON ESCH,

          Plaintiffs,

v.

ASSET SYSTEMS, INC.,

          Defendant.

CASE NO. C16-5842RBL

ORDER

THIS MATTER is before the Court on the parties' competing Motions in Limine [Dkt. #s 92 & 93], in advance of a jury trial. The Court dismissed the case on summary judgment and the Ninth Circuit reversed and remanded. The Ninth Circuit's opinion is the road map for the trial of this case, and it addressed many of the issues raised in the motions.

This is not a complicated or particularly compelling case, factually or legally, and the Court has previously expressed its frustration that it has been litigated as it has, as long as it has been. The Motions in Limine, and the parties' inability to agree on almost anything (except that they cannot agree on anything), are only the most recent examples of their intransigence.

The Ninth Circuit reversed this Court's dismissal of Fangsrud Von Esch's claims on summary judgment. Its opinion was cryptic but it necessarily implied that the FDCPA and CPA

claims were viable. Its ruling that a jury should decide the core factual issues was relatively clear. The primary issues are: (1) did Asset violate the FDCPA (or the CPA); (2) can Asset establish the bona fide error affirmative defense, and (3) if Asset cannot, what are Fangsrud Von Esch's damages?

This is what the trial will be about, and the evidence and argument should inform these issues. The parties will tell their respective stories, the Court will instruct the jury, and the jury will decide. The parties' contempt for each other—and the Court's distaste for this irrational litigation—will not influence the jury's decision.

**A. Plaintiff's Motions to Exclude:**

1. <u>Results of plaintiff's claim against Legacy.</u>

**GRANTED**, in part. The fact that Legacy was involved, and sued, is part of the factual story. The Court will not whitewash this petty story to help either side not look as bad in the jury's eyes as the whole truth might make them look. But the detailed procedural history (including the manner in which Legacy was dismissed, and the appeal) is not helpful and neither party will waste the jury's or the Court's time on this (or any other) side issue.

2. <u>Defendant's reputation.</u>

GRANTED.

3. <u>Defendants' state of mind.</u>

DENIED. Plaintiff concedes that "unintentional" is an element of the affirmative defense that will be the focus of the trial. Evidence related to that intent is relevant, and likely admissible.

4. <u>Clark County Case 15C683-5.</u>

RESERVED.

5. Other debts.

DENIED. Plaintiff cannot claim that Asset's efforts to collect *this* debt caused her emotional distress, while simultaneously precluding the defense from pointing out that she had *other* emotional stressors, including other debts. Nor can she claim damage to her "creditworthiness" without letting the defense tell the jury the rest of her creditworthiness story.

6. Witnesses lacking personal knowledge.

RESERVED.

7. Witnesses not previously disclosed.

GRANTED.

8. Plaintiff's monetary motives.

DENIED. The plaintiff is obviously seeking money; she has no other claim. But the defendant will not waste time on this (or any other) point.

9. Evidence or argument that plaintiff suffered "no damage".

DENIED. The Court ruled that plaintiff can claim and testify about plain vanilla emotional distress damages. It did not rule that the defendant could not challenge that evidence, and it would not do so absent a summary judgment motion and order to that effect.

10. Evidence or argument that the FDCPA does not permit emotional distress damages.

DENIED. The Court will instruct the jury. The Court has already addressed evidence of plain vanilla emotional distress (and about where it came from). Read the prior Orders.

11. Plaintiff failed to mitigate.

GRANTED.

12. Attorneys' fees[1].

   GRANTED.

13. Collateral source.

   RESERVED. No context. This is not a personal injury or insurance case; not clear that this is even an issue.

14. Failure to call a witness.

   DENIED.

15. Use or taxation of proceeds.

   GRANTED.

16. Damages reduced to present value.

   GRANTED as to general damages. Defendant is strongly encouraged not to raise this issue at all.

17. Attorney-client privilege.

   GRANTED as to plaintiff's privilege. DENIED as to any other entity's; it is not plaintiff's privilege to assert.

18. Reference to Motions in Limine.

   GRANTED.

---

[1] Defendant's entire argument on page five of its opposition [Dkt. # 96] consists of the claim that since it did not understand the motion, it must be denied:

> Asset is unsure what evidence Plaintiffs think Asset is going to introduce. As a result, Plaintiffs' Motion must be denied.

This is nonsensical, and a non-sequitur. Imagine the larger impact of a party successfully arguing "because I can't understand their motion, it must be denied." This is not persuasive. Also unhelpful are citations to opinions with no hint as to what they held, or how they relate to this case.

19. Court vs. Jury Damage calculation.

DENIED. This is not an evidentiary motion. The Court will instruct the jury.

20. Exclusion of witnesses.

GRANTED.

**B. Defendants' Motions to Exclude:**

1. Evidence or argument about claims other than FDCPA § 1692e.

DENIED. The Court dismissed all the plaintiff's claims on summary judgment, based primarily on the bona fide error affirmative defense. The Ninth Circuit reversed on "the FDCPA" claim (and the CPA claim), leaving for the jury the applicability of the bona fide error affirmative defense. The opinion did not substantively address any specific FDCPA subsections, and the plaintiff's "f" claim is equally applicable to the plaintiff's version of the facts as is her "e" claim.

2. FDCPA liability is a question of law.

DENIED. This is not a true motion in limine, and it is not accurate. The cited cases hold that whether a given (undisputable) collection letter violates the FDCPA (measured against the least sophisticated consumer standard) is a legal issue, not a factual one. This case is not about a specific letter. The Ninth Circuit's opinion explained the factual disputes that *could* allow a jury to determine that a violation occurred (and which *could* support a bona fide error affirmative defense). The Court will instruct the jury on the law, and the jury will determine whether the evidence establishes a violation.

3. Liability under 1692e only.

DENIED. See above.

4. <u>Prejudgment interest.</u>

DENIED. Asset's adding prejudgment interest to a debt that was not owed is not a separate violation of the FDCPA. Plaintiff's claim and authorities that medical expenses are "not liquidated" are in the personal injury tort claim context. This case is about a bill for a liquidated amount. The fact that Asset claimed prejudgment interest is part of the story. It is admissible. It will not support a separate FDCPA claim.

5. <u>$100 dollar payment as damages.</u>

DENIED. This Court's ruling that the Plaintiff had no damages was (implicitly) reversed. Defendant has since argued that the *only* damages at issue were the $100, trebled. Dkt. # 83. Now it claims there were no actual damages, at all. If there were no damages as a matter of law, the Ninth Circuit would not have reversed.

6. <u>Deceptive practices.</u>

DENIED. The Ninth Circuit reversed this Court's dismissal of Plaintiff's CPA claim. It was the one part of that opinion that *was* clear:

> The district court erred in granting summary judgment to Asset on Plaintiffs' Washington Consumer Protection Act claim. A jury could determine that Asset's attempts to collect the erroneous amount and threat of a lawsuit violated the Act. *See, e.g.*, *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 204 P.3d 885, 897–98 (2009).

*Fangsrud von Esch v. Legacy Salmon Creek Hosp.*, 738 F. App'x 430, 431 (9th Cir. 2018).

//

//

//

//

//

A deceptive or unfair practice is an element of a CPA claim. It would be reversible error to rule (on a motion in limine, no less) that there was no deceptive or unfair practice as a matter of law.

IT IS SO ORDERED.

Dated this 22nd day of August, 2019.

Ronald B. Leighton
United States District Judge