Jeffrey I. Hasson
Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@hassonlawllc.com
Washington State Bar No. 23741
Attorney for Asset Systems, Inc.

Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| JOSEPH and RENNY FANGSRUD VON ESCH,<br><br>          Plaintiffs,<br><br>     vs.<br><br>LEGACY SALMON CREEK HOSPITAL, et al.,<br><br>          Defendants. | Case No.: 3:16-CV-05842-RBL<br><br>ASSET SYSTEMS, INC.'S TRIAL BRIEF |

The Court is familiar with the facts of this case so they will not be re-stated in this trial brief. Asset will outline the primary issues for trial.

The primary issues in this case are as to liability:

(1) Did Asset violate the FDCPA?; if so, can Asset establish the bona fide error defense?

(2) Did Asset violate the CPA?

As to the conduct that allegedly violates these statutes, Plaintiffs' Complaint alleges:

1. On January 12, 2016, Asset mailed Plaintiffs a collection letter demanding payment

ASSET SYSTEMS, INC.'S TRIAL BRIEF -- Page 1
Case No.: 3:16-CV-05842-RBL

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

of a Legacy Hospital bill.  Dkt. # 1-2, p. 6 ¶ 4.5.  Actually, the letter was sent to Renny Fangsrud von Esch.  See Dkt. # 1-2, p. 8 ¶ 4.28.

2. In March 2016, Asset threatened to file a lawsuit against Plaintiffs in a phone call. Dkt. # 1-2, p. 6 ¶¶ 4.9-4.11.

3. On June 9, 2016, Asset mailed a collection letter to Joseph Fangsrud von Esch.[1]

In this conduct, Plaintiffs' Complaint alleges the following violations the FDCPA and WCPA[2]:

1. Asset attempted to collect a $5,231.51 debt from Plaintiffs that Plaintiffs do not owe.
2. Asset added interest to that account.  [The Court ruled that this is not a violation in this case. Dkt. No. 101, p. 6, l. 5-6].
3. Asset threatened to sue Plaintiffs.
4. Asset changed the name on collection correspondence.

Therefore, the only dates at issue for a violation are Asset's letters dated January 12, 2016 and June 9, 2016 and the phone call in March 2016.  While background is important, the trial should focus on whether a violation occurred on those dates.

In this conduct, Plaintiffs' Complaint alleges[3]:

1. Asset used false, deceptive, or misleading representations or means in connection with the collection of the Legacy account in violation of 15 U.S.C. § 1692e.  Specifically,
   a. Asset falsely represented the character, amount, or legal status of the Legacy account in violation of 15 U.S.C. § 1692e (2).

---

[1] Plaintiffs also allege that on January 20, 2016, Asset mailed another letter to Plaintiffs.  Dkt. # 1-2, p. 6 ¶ 4.8.  Actually, the letter was sent to Renny Fangsrud von Esch.  This letter did not demand an amount of money.  No specific violation is at issue as to this letter.
Plaintiff also alleges that on June 16, 2016, there was a telephone call between Asset and Mrs. Fangsrud von Esch.  Dkt. # 1-2, p. 9 ¶ 4.36 – 4.39.  No specific violation is at issue as to this call.
[2] Dkt. # 1-2, p. 13 ¶ 6.3 and p. 16-17 ¶ 7.7.
[3] Plaintiffs also pleaded violation of 15 U.S.C. § 1692d and 15 U.S.C. § 1692c (a)(2) but Plaintiffs are not pursuing those sections at trial.  Dkt. # 1-2, p. 12-13, ¶ 6.2.

ASSET SYSTEMS, INC.'S TRIAL BRIEF -- Page 2
Case No.: 3:16-CV-05842-RBL

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

      b. Asset threatened to take an action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e (5).

      c. Asset used a false representation or deceptive means to collect or attempt to collect the Legacy account or to obtain information concerning Plaintiffs in violation of 15 U.S.C. § 1692e (10).

2. Asset used unfair or unconscionable means to collect or attempt to collect the Legacy account in violation of 15 U.S.C. § 1692f.  Specifically,

      a. Asset collected or attempted to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not authorized by the agreement creating the Legacy account or permitted by law in violation of 15 U.S.C. § 1692f (1).

Dkt. # 1-2, p. 12-13, ¶ 6.2.

Violations of those sections are not actionable unless the misrepresentations are material. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010).

Material false statements are those that could "cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 773 (9th Cir. 2017).

Asset denies liability, and claims the bona fide error defense to any purported FDCPA violation.

As to damages, Plaintiffs claim emotional distress damages under the FDCPA.

According to Judge Thomas O. Rice in *Donna Genschorck v. Suttell & Hammer, P.S.,* No: 12-CV-0615-TOR, 2013 WL 6118678 (E.D.Wash. Nov. 21, 2013), reconsideration denied by *Genschorck v. Suttel & Hammer, P.S.,* 2014 WL 186766 (E.D. Wash., Jan. 16, 2014).

> Under the FDCPA, the plaintiff may recover for "any actual damage sustained" as a result of the violations. 15 U.S.C. § 1692k(a)(1). The Ninth Circuit has not ruled on what level of proof is required to recover for emotional distress and district courts have issued conflicting decisions.  …

ASSET SYSTEMS, INC.'S TRIAL BRIEF -- Page 3
Case No.: 3:16-CV-05842-RBL

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

>All courts seem to agree that plaintiffs must demonstrate more than "transitory symptoms of emotional distress and unsupported self-serving testimony." …
>
>The FDCPA is a federal law, and applying state tort elements state-by-state would produce inconsistent results. …
>
>Accordingly, Plaintiff must come forward with "evidence of [her] actual emotional distress" in order to defeat Defendants' motion for summary judgment. Plaintiff must demonstrate more than "transitory symptoms of emotional distress and unsupported self-serving testimony." …
>
>While plaintiff is not required to present expert testimony in support of her claim, she failed to produce anything other than her uncorroborated testimony to establish emotional distress. The types of evidence necessary to support a claim for emotional distress damages includes "corroborating testimony or medical or psychological evidence in support of the damage award." *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1080 (E.D. Cal. 2007) (citation omitted); *see also In re Dawson*, 390 F.3d 1139, 1149 (9th Cir. 2004) (noting "[n]on-experts, such as family members, friends, or co-workers, may testify to manifestations of mental anguish and clearly establish that significant emotional harm occurred").
>…

In this case, the only evidence of Plaintiffs' emotional distress is Mrs. Fangsrud von Esch's self-serving testimony.

Plaintiffs offer no evidence of any special damages. Not one exhibit relates to any special damages incurred by Plaintiffs.

Plaintiffs claim their payment of $100 to Asset is damages to them. However, Plaintiffs have not even offered their payment of $100 to Asset as an exhibit. Therefore, Asset has not had to show the $100 refund from Legacy as an exhibit.

Therefore, Plaintiffs cannot prove by the preponderance of the evidence any actual damages—special or general.

There are some special issues in this case.

In this case, Plaintiffs have no witnesses from Kaiser on the witness list. Plaintiffs communications with Kaiser are inadmissible hearsay.

In this case, Plaintiffs want to introduce entire deposition testimony of witnesses without regard to the inadmissibility, or relevance of much of the testimony. In fact, Plaintiffs failed to

ASSET SYSTEMS, INC.'S TRIAL BRIEF -- Page 4
Case No.: 3:16-CV-05842-RBL

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

request specific excerpts as set forth in the local rules. While Asset has no objection to use of excerpts of deposition transcripts for impeachment, Asset objects to the introduction of the transcripts as a whole.

Further, the recordings received by Plaintiffs from Legacy are not recordings of communications with Legacy employees. The recordings are communications with a contractor for Legacy-HON. No HON employee is listed on the witness list as testifying. The recordings have no foundation for admissibility. The recordings may be used for impeachment of Mrs. Fangsrud von Esch.

The evidence will show that Plaintiffs' case against Asset should be dismissed.

Dated:  August 26, 2019.

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA#23741
Hasson Law, LLC
Phone:  (503) 255-5352
Attorney for Asset

ASSET SYSTEMS, INC.'S TRIAL BRIEF -- Page 5
Case No.: 3:16-CV-05842-RBL

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Certificate of Service

I hereby certify that on August 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Robert Mitchell, SaraEllen Hutchison, Aaron Paul Riensche (attorney for dismissed party), William F. Malaier, Jr. (attorney for dismissed party) and I hereby certify on that I mailed by United States Postal Service the document to the following:

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA#23741
Attorney for Asset
Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@hassonlawllc.com

CERTIFICATE OF SERVICE -- Page 1
Case No.: 3:16-CV-05842-RBL

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124