SaraEllen Hutchison (WSBA # 36137)
LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
539 Broadway
Tacoma, WA 98402
Telephone:   206-529-5195
Facsimile:   253-302-8486
Email: saraellen@saraellenhutchison.com

*Attorney for Plaintiffs*

THE HONORABLE JUDGE LEIGHTON

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

JOSEPH and RENNY FANGSRUD VON ESCH,

    Plaintiffs,

v.

LEGACY SALMON CREEK HOSPITAL, a Washington Company, ASSET SYSTEMS, INC., an Oregon Corporation d/b/a in Washington as ASSET SYSTEMS, pursuant to Washington UBI No. 601474356,

    Defendants.

NO.  3:16-cv-05842-RBL

**PLAINTIFFS' TRIAL BRIEF**

## I.   INTRODUCTION

PLAINTIFFS, through counsel, respectfully submit the following Trial Brief to provide guidance to the Court on the following issues for trial: Whether Defendant violated the FDCPA, whether it can prove the affirmative defense of bona fide error, whether Defendant violated the CPA, and if so, what damages did Defendants proximately cause Plaintiffs.

PLAINTIFFS' TRIAL BRIEF
NO. 3:16-CV-05842-RBL

1

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

## II. TRIAL BRIEF

### A. *Defendant Violated the FDCPA and CPA, because of lack of procedures.*

*The Witnesses*: **Mary Emerton** is expected to testify that Defendant's policies and procedures are essentially limited to relying on whatever Legacy Hospital tells Defendant, which is simply not adapted to prevent collecting the wrong amount from a consumer whose insurance had paid the bill. **Kristina Thompson** and **Katey Morey** are employees of Defendant who are expected to confirm that Defendant continued collection efforts after Defendant was on notice that there was a problem with the account. **Legacy's witnesses** are expected to testify regarding the background of the account.

**Plaintiffs** will testify regarding Defendant's relentlessness. **Mrs. Fangsrud von Esch** is expected to testify regarding specific instances when she put Defendant on notice that Defendant was collecting a grossly-inflated sum. **Mr. Fangsrud von Esch** is expected to testify that he received a collection letter for over seven thousand dollars after Mrs. Fangsrud von Esch had finally convinced Defendant that insurance had paid.

*The Exhibits:* The parties have stipulated to the admissibility of most exhibits listed in their respective Witness Lists and Plaintiffs expect that the Court will admit them. Defendant's own witnesses and exhibits, in particular its collection notes (Ex. A-1), catalogue Defendant's violations of 1692e, 1692f, and RCW 19.16.250. Defendant intensified its collection efforts, and kept adding interest, after Mrs. Fangsrud von Esch and then her lawyer told Defendant that her health insurance had paid the bill.
PLAINTIFFS' TRIAL BRIEF
NO. 3:16-CV-05842-RBL

2

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

***No Bona Fide Error:*** Defendant is a professional debt collector charged with treating consumers honestly and fairly. Defendant was repeatedly on notice that there was a serious problem with the Fangsrud von Esch account. Once Defendant was on notice, its ability to claim its actions were a "bona fide error" – unintentional, in good faith, and made despite procedures designed to prevent such error – was completely out the window. Hindsight is not an adequate policy or procedure under a strict liability remedial statute designed to protect consumers. Defendant's decision to believe Legacy instead of the consumer was an intentional choice on how to handle the account. Defendant is a professional debt collection agency that knows that such a decision is made with the risk that the consumer is correct and its client was providing misinformation. Blind reliance on the creditor is at the collector's own risk. Defendant failed to perform its own adequate investigation into Plaintiffs' claims that insurance paid the debt, and that decision -- to listen to Legacy and disbelieve Plaintiffs - - was intentional.

B. *Damages.*

***FDCPA Actual Damages***: Plaintiffs, a husband and wife, will testify to their own "garden variety" emotional distress and about the emotional distress they witnessed in each other, as well as the stress on their marriage proximately caused by the above misconduct.

***FDCPA Statutory Damages***: Plaintiffs seek the fullest amount allowable under 15 U.S.C. § 1692k: $1000 per plaintiff. In determining the amount of statutory damages up to $1,000.00 under the FDCPA, the jury considers: "(1) the frequency and persistence of noncompliance by the debt collector; (2) the nature of such noncompliance; and (3) the extent

NO. 3:16-CV-05842-RBL                    3                    Law Office of SaraEllen Hutchison, PLLC
                                                                     539 Broadway | Tacoma, WA 98402
                                                                     Ph (206) 529-5195 | Fax (253) 302-8486
                                                                     saraellen@saraellenhutchison.com

to which such noncompliance was intentional." *Lombardi v. Columbia Recovery Grp., LLC*, No. C12-1250 RSM, 2013 U.S. Dist. LEXIS 146375, at *12 (W.D. Wash. Oct. 9, 2013) (citing 15 U.S.C. § 1692k(b)(1)).

***WCPA Actual Damages***: Plaintiffs were injured in their property when they had to spend extensive time investigating Defendant's claims, from Defendant's first communication with Plaintiffs in January 2016, all the way to Defendant's deceptive letter to Mr. Fangsrud von Esch in June 2016 after Mrs. Fangsrud von Esch thought she had it solved. Mrs. Fangsrud von Esch is expected to testify in detail about the time and money she wasted on Defendant. Mr. Fangsrud von Esch is expected to testify regarding a stipend on a firefighter shift he missed so he could assist his wife with this issue.

### III. CONCLUSION

For the reasons discussed above, the jury is expected to return a verdict in favor of Plaintiffs.

DATED THIS 26th day of August, 2019 at Tacoma, Washington.

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
539 Broadway
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
Email: saraellen@saraellenhutchison.com

PLAINTIFFS' TRIAL BRIEF
NO. 3:16-CV-05842-RBL                                    4

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

| | |
|---|---|
| 1 | s//Robert Mitchell |
| 2 | ROBERT MITCHELL (WSBA #37444)<br>ROBERT MITCHELL, ATTORNEY AT LAW, PLLC |
| 3 | 700 W. Evergreen Blvd. |
| 4 | Vancouver, WA  98660<br>Telephone:  360-993-5000 |
| 5 | Facsimile:   888-840-6003<br>Email: bobmitchelllaw@gmail.com |
| 6 | |
| 7 | *Attorneys for Plaintiff* |

PLAINTIFFS' TRIAL BRIEF          5
NO.  3:16-CV-05842-RBL

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the State of Washington that on the 26th day of August, 2019, I electronically filed the foregoing through the Court's CM/ECF system which will electronically notify all registered CM/ECF participants in the case.

Dated this the 26th day of August, 2019, at Tacoma, Washington.

S//SaraEllen Hutchison
SaraEllen Hutchison, WSBA No. 36137

*Attorney for Plaintiffs*

Law Office of SaraEllen Hutchison, PLLC
539 Broadway | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com