HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH and RENNY FANGSRUD VON ESCH,

Plaintiffs,

v.

ASSET SYSTEMS, INC., an Oregon Corporation d/b/a in Washington as ASSET SYSTEMS, pursuant to Washington UBI No. 601474356,

Defendant.

CASE NO. C16-5842RBL

ORDER ON PLAINTIFFS' MOTION TO STAY DEFENDANT'S MOTION FOR FEES AND COSTS

DKT. #140

THIS MATTER is before the Court on Plaintiffs' Motion to Stay Defendant's 28 U.S.C. § 1927 Motion for Fees and Costs [Dkt. #140]. The motion is prompted by the plaintiffs' appeal of this Court's dismissal of plaintiffs' claims at the end of the plaintiffs' case on September 16, 2019 [Dkts. 130, 131, 134]. On September 24, 2019, defendant filed a motion for an award of fees and costs [Dkts. 135-137]. On September 27, 2019, plaintiffs filed their appeal [Dkt. #138].

The Court **GRANTS** the motion to stay but adds a cautionary tale to the plaintiffs' lawyers. This Court granted summary judgment in favor of the original defendants Legacy Salmon Creek Hospital and Assets Systems, Inc., the co-op which serves as bill collector for its only client, Legacy Hospital. The Court did not grant attorneys' fees to either side. The Court of

ORDER ON PLAINTIFFS' MOTION TO STAY
DEFENDANT'S MOTION FOR FEES AND
COSTS - 1

Appeals affirmed the dismissal of the hospital saying: "The district court did not err in granting summary judgment to Legacy on Plaintiffs' Washington Consumer Protection Act, Wash. Rev. Code § 19.86, claim. An act or practice is not unfair under Washington law if the consumer can avoid the injury. *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 368 (Wash. Ct. App. 2017). Here, Plaintiffs knew the bill was in error when they received it from Legacy, and Legacy provided a toll-free number to call with billing questions. Plaintiffs took no action until two years later when they received the bill from Asset."

The Court of Appeals reversed the dismissal of the collection company saying:

"The district court erred in granting summary judgment to Asset on Plaintiffs' federal Fair Debt Collection Practices Act claim. One could reasonably determine that Asset violated 15 U.S.C. §1692e when it attempted to collect more than what was owed, continued to do so after Plaintiffs and their attorney told Asset about the error, and despite having been told of the billing error, improperly threatened a lawsuit without adequate inquiry. *See Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 777 (9th Cir. 2017); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1063-4 n.6 (9th Cir. 2011). On this record, Asset cannot establish as a matter of law a bona fide error defense. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011); *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1007 (9th Cir. 2008)."

At trial the testimony and the documentary evidence were not consistent with the story told to the Court of Appeals. There was no lawsuit threatened by the billing company. The plaintiffs' lawyers, after sending a letter to Asset to cease and desist, would not return any of Asset's phone calls to clarify the situation. The lawyers in their letter instructed Asset to direct all communications to them, not their client. But the lawyers would not pick up the phone. Asset did communicate with the client hospital to question the accuracy of the debt the hospital

placed into collection. The hospital verified the amount of the debt owed by the plaintiffs. The plaintiffs themselves were less than fully engaged in resolving the confusion between their insurance company, the hospital and the collection company. They did not promptly give the insurance information to Asset.

At trial the evidence demonstrated this situation has never occurred before or after this event. The billing company took reasonable steps to verify the legitimacy and accuracy of the debt they were trying to collect. This was a classic bona fide error for which the defendant cannot be fairly held accountable for the inconvenience experienced by the plaintiffs.

## CONCLUSION

The Motion to Stay is **GRANTED**. The Motion for Attorneys' Fees and Costs will be held in abeyance pending appeal. It is difficult to fathom how the plaintiffs who suffered no financial loss and had multiple legitimate debts in collection all at the same time, can cobble up losses of multiple hundreds of thousands of dollars in emotional distress, dismissed an offer of $20,000 in settlement, and instead exposed themselves for attorney fees of $100,000 as the losing party. That is the "brutal truth."

Dated this 1st day of November, 2019.

Ronald B. Leighton
United States District Judge