Jeffrey I. Hasson
Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@hassonlawllc.com
Washington State Bar No. 23741
Attorney for Asset Systems, Inc.

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JOSEPH and RENNY FANGSRUD VON ESCH,<br><br>Plaintiffs,<br><br>vs.<br><br>LEGACY SALMON CREEK HOSPITAL, et al.,<br><br>Defendants. | Case No.: 3:16-CV-05842-BHS<br><br>ASSET SYSTEMS, INC.'S SUPPLEMENTAL REPLY IN SUPPORT OF ASSET'S MOTION TO REMOVE STAY AND DECIDE ASSET'S MOTION FOR ATTORNEY FEES AND COSTS<br><br>NOTE ON THE MOTION CALENDAR: November 13, 2020 |

Defendant Asset Systems, Inc. ("Asset") files this supplemental reply in response to Plaintiffs' tardy Response to Asset's Motion to Remove Stay [Dkt. # 159] ("Plaintiffs' Response"). Asset reserved the right to file a supplemental reply if Plaintiffs filed an untimely response. Dkt. # 158. As anticipated, Plaintiffs submitted a tardy response to Asset's motion (Plaintiffs' Response) after Asset filed its reply. Dkt. # 159.

Plaintiffs' Response further illustrates how Plaintiffs' attorneys continue to unnecessarily increase the cost of litigation, and continue to knowingly fail to adhere to the rules of this Court.

Fortunately, Plaintiffs' Response confirms that Plaintiffs have no objection to Asset's Motion to Remove Stay [Dkt. # 156] ("Asset's Remove Stay Motion"). Thus, the Court should

ASSET SYSTEMS, INC.'S SUPPLEMENTAL REPLY IN SUPPORT OF ASSET'S MOTION TO REMOVE STAY AND DECIDE ASSET'S MOTION FOR ATTORNEY FEES AND COSTS -- Page 1
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  grant Asset's Remove Stay Motion.

2  However, Plaintiffs' attorneys have disregarded Judge Leighton's precautionary tale set
3  forth in his Order allowing Plaintiffs' Motion for Stay.  See Dkt. # 150.

4  Plaintiffs' Response needlessly increased the cost of litigation because **(1)** Plaintiffs'
5  Response is tardy; and **(2)** Plaintiffs could have avoided the need for the filing of Asset's reply
6  [Dkt. # 158] had Plaintiffs timely informed the Court of Plaintiffs' non-opposition to Asset's
7  Remove Stay Motion.

8  Further, Plaintiffs needlessly increased the cost of litigation in the content of Plaintiffs'
9  tardy Response as follows:  **(3)** Plaintiffs misrepresented that Plaintiffs response to Asset's
10 Motion for Attorney Fees and Costs ("Asset's Fees Motion") was a preliminary response when
11 the record shows that Plaintiffs response to Asset's Fees Motion was not preliminary and that
12 Plaintiffs used entirety of Plaintiffs' page limitations in Plaintiffs response to Asset's Fees
13 Motion; **(4)** Plaintiffs apparently requested relief without complying with the Court rules; and **(5)**
14 Plaintiffs apparent request for relief relates to irrelevant information.

15 **(1)** Plaintiffs' response was tardy.  Asset's Remove Stay Motion was filed on October 24,
16 2020, and noted for November 13, 2020.  Thus, Plaintiffs' Response was due November 9, 2020.
17 Local Rule W.D. Wash. (hereinafter "CR") 7 (d) (3).  Under CR 7 (b), the failure to file
18 opposition to a motion may be considered by the Court as an admission that Asset's Motion has
19 merit.

20 Plaintiffs' Response was filed November 10, 2020 [Dkt. # 159]--after Asset had filed its
21 Reply.  [Dkt. # 158].  Thus, but for the confirmation that Plaintiffs do not object to Asset's
22 Remove Stay Motion, Plaintiffs' Response should be stricken as tardy.

23 **(2)** Plaintiffs' attorneys could have saved the parties costs in this litigation if Plaintiffs'
24 attorneys had, in a timely manner, notified the Court that Asset's Remove Stay Motion was
25 unopposed.  The Court could have entered an Order lifting the stay before October 2020 ended
26 had the Court been informed that the Asset's Remove Stay Motion was unopposed.

ASSET SYSTEMS, INC.'S SUPPLEMENTAL REPLY IN
SUPPORT OF ASSET'S MOTION TO REMOVE STAY
AND DECIDE ASSET'S MOTION FOR ATTORNEY FEES
AND COSTS -- Page 2
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Asset's reply [Dkt, # 158] was based on the failure to file a response being an admission that Asset's Motion had merit under CR 7 (b), allowing the Court to enter an Order lifting the stay as an unopposed motion. Asset's attorney would not have spent the time filing that reply if the Court was notified Asset's Remove Stay Motion was unopposed in October 2020. Plaintiffs' attorneys stalled filing Plaintiffs' no opposition for the apparent reason to prolong litigation, and needlessly increase the cost of litigation.

**(3)** As to the content of Plaintiffs' tardy Response, Plaintiffs wrongly and misleadingly state that Dkt. # 141 is an initial or preliminary response to Asset's Fees Motion. At no point does Dkt. # 141 claim that Plaintiffs' twelve page response to Asset's Fees Motion is an initial or preliminary response. To the contrary, Dkt. # 141 uses the entirety of the twelve page limit allowed under CR 7(e) (4), and states it is the Opposition. In Dkt. # 141, Plaintiffs fully briefed Plaintiffs' response to Asset's Fees Motion.

**The entirety of Asset's two replies [Dkt. # 158 and this reply] do not exceed the six page limit for a reply.** The record illustrates that Plaintiffs' attorneys' characterization of Plaintiffs' response to Asset's Fees Motion as preliminary is false.

**(4)** Even though the issue before it is Asset's Remove Stay Motion, Plaintiffs further disregard this Court's rules when they appear to attempt to make a motion called "Plaintiffs' Motion for Leave to Supplement Plaintiffs' Response to Defendant's Motion for Fees and Costs" ("Motion for Leave") without following any of the requirements of CR 7. The Court should strike Plaintiffs' Motion for Leave because it fails to follow the requirements of CR 7.

CR 7 (b) (1) and (d) state the procedures for motions, including the requirement that the motion be noted, when the motion should be noted, and what should be included in the motion. None of these procedures were complied with by Plaintiffs.

CR 7 (j) requires a motion to request relief from a deadline. No such motion is before the court.

This Court does not have before it a Motion for Leave. Plaintiffs' tardy Response is not

ASSET SYSTEMS, INC.'S SUPPLEMENTAL REPLY IN
SUPPORT OF ASSET'S MOTION TO REMOVE STAY
AND DECIDE ASSET'S MOTION FOR ATTORNEY FEES
AND COSTS -- Page 3
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  the vehicle for requesting Motion for Leave.  Plaintiffs' attorneys knew or should know how to
2  move to supplement a response but Plaintiffs' attorneys brazenly have chosen not to follow those
3  rules.  Thus, but for the confirmation that Plaintiffs do not object to Asset's Motion to Remove
4  the Stay, Plaintiffs' response should be stricken as tardy.

5        **(5)** Information contained in national or local amicus briefs in the Second 9th Circuit
6  Appeal are irrelevant to whether Asset's Fees Motion should be granted.

7        Asset's Fees Motion does not request attorney fees for conduct that occurred in the
8  Second 9th Circuit Appeal.  Thus, nothing more need be briefed because Asset's Fees Motion
9  requests attorney fees for conduct that occurred before Plaintiffs' second appeal.

10       For the reasons explained in Asset's Motion [Dkt. # 156], Asset requests that the Court
11 lift the stay [Dkt. # 150], and award judgment against Plaintiffs, jointly and severally, for costs of
12 $13,619.92.

13       Further, Asset also requests that the Court award judgment against Plaintiffs, and their
14 attorneys, Robert W. Mitchell and his lawfirm, "Robert Mitchell, Attorney at Law, PLLC", and
15 SaraEllen Hutchison and her lawfirm, "Law Office of SaraEllen Hutchison, PLLC", jointly and
16 severally in the sum of $103,465.50, plus an additional 10 hours of attorney fees.  See Dkt. #
17 142.

18       The Court should not allow Plaintiffs to update, supplement or amend Dkt. # 141 because
19 Defendant's response to Plaintiffs' Asset's Fees Motion has been fully briefed.

20       Dated:  November 12, 2020.

                                                    s/ Jeffrey I. Hasson
                                                    Jeffrey I. Hasson, WSBA#23741
                                                    Hasson Law, LLC
                                                    Attorney for Asset

ASSET SYSTEMS, INC.'S SUPPLEMENTAL REPLY IN
SUPPORT OF ASSET'S MOTION TO REMOVE STAY
AND DECIDE ASSET'S MOTION FOR ATTORNEY FEES
AND COSTS -- Page 4
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Certificate of Service

    I hereby certify that on November 12, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  Robert Mitchell, SaraEllen Hutchison  and I hereby certify on that I mailed by United States Postal Service the document to the following:

                      s/ Jeffrey I. Hasson
                      Jeffrey I. Hasson, WSBA#23741
                      Attorney for Asset
                      Hasson Law, LLC
                      9385 SW Locust Street
                      Tigard, OR 97223
                      Phone: (503) 255-5352
                      Facsimile: (503) 255-6124
                      E-Mail: hasson@hassonlawllc.com

CERTIFICATE OF SERVICE -- Page 1
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124