1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Jeffrey I. Hasson
Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Phone:  (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@hassonlawllc.com
Washington State Bar No. 23741
Attorney for Asset Systems, Inc.

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

JOSEPH and RENNY FANGSRUD VON ESCH,

     Plaintiffs,

     vs.

LEGACY SALMON CREEK HOSPITAL, et al.,

     Defendants.

Case No.: 3:16-CV-05842-BHS

ASSET SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BREIFING RE: DEFENDANT'S 28 U.S.C. § 1927 MOTION FOR ATTORNEY FEES AND COSTS

NOTE ON THE MOTION CALENDAR: January 20, 2021

Defendant Asset Systems, Inc.'s ("Asset's") reserved the right to respond to Plaintiffs' Supplemental Briefing if it was tardily filed.  This is Asset's response to that tardy filing [Dkt. # 163].

Asset moved for sanctions against Plaintiffs' attorneys under 28 U.S.C. § 1927 and the inherent power of the Court based on the argument that Plaintiffs' attorneys' unreasonable, reckless, vexatious and harassing conduct in continuing to prosecute this case even after Plaintiffs received Asset's offer of judgment for more than Plaintiffs could hope to recover from Asset, and for the other reasons set forth in Asset's Motion for Attorney Fees.  See Dkt. # 135;

ASSET SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BREIFING RE: DEFENDANT'S 28 U.S.C. § 1927 MOTION FOR ATTORNEY FEES AND COSTS -- Page 1
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Dkt. # 142, p. 4-6 (10 ways in which Plaintiffs' attorneys multiplied these proceedings in bad faith). Whether the Complaint filed by Plaintiffs' attorneys had merit, or not when the Complaint was filed is irrelevant to Asset's motion for sanctions against Plaintiffs' attorneys.

What is relevant is whether Plaintiffs' attorneys should have continued to prosecute this case after receipt of Asset's offer of judgment.

Plaintiffs' Supplemental Briefing is just another example of Plaintiffs' attorneys' bad faith conduct in needlessly increasing the cost of litigation to Asset, and Plaintiffs' attorneys abusing the judicial process.

Asset moves to strike Plaintiffs' Supplemental Briefing and the irrelevant and inadmissible filing attached to it for the reasons that follow.

The express purpose of Plaintiffs' Supplemental briefing is to argue that "This was not a frivolous case." Dkt. # 163, p. 1. Whether Plaintiffs' case was frivolous, or not is irrelevant to whether Plaintiffs' attorneys should have continued to prosecute the case, or whether this Court should award sanctions against Plaintiffs' attorneys under 28 U.S.C. § 1927 or the inherent power of the Court when Plaintiffs' attorneys continued to prosecute the case after receipt of Asset's offer of judgment.

In response to Asset's Motion for Attorney Fees, Plaintiffs' attorneys have failed to illustrate to this Court that they had any evidence of damages caused by Asset's conduct at issue in the Complaint that exceeded Asset's offer of judgment for $2,500, plus costs and attorney fees.

Asset's conduct at issue in the Complaint was sending two letters that demanded the wrong amount—one to each Plaintiff. Plaintiff had no evidence of damages, including emotional distress caused by either letter. Mrs. Esch received her letter at Mrs. Esch's request after Mrs. Esch requested it in a phone conversation with Asset. Mr. Esch received his letter because it was required by the FDCPA as Asset's initial demand on Mr. Esch, and included an amount that had been verified by Legacy multiple times to Asset and to Mrs. Esch. See 15

ASSET SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL BREIFING RE: DEFENDANT'S 28
U.S.C. § 1927 MOTION FOR ATTORNEY FEES AND
COSTS -- Page 2
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

U.S.C. § 1692g.  Thus, Plaintiffs' attorneys knew, or should have known, when Asset's offer of judgment was made, that Plaintiffs' attorneys could not prove damages in excess of the offer of judgment based on Asset's sending, and Plaintiffs' receipt of these two letters.  Plaintiffs' supplemental briefing does not address this issue at all.

The other conduct at issue in Plaintiffs' Complaint was the allegation that Asset threatened Plaintiffs with litigation in March 2016.  However, Plaintiffs conceded at trial, and in deposition that Asset never threatened Plaintiffs' with litigation.  Plaintiffs' attorneys knew, or should have known that Asset never threatened Plaintiffs with litigation because since January 30, 2017, Plaintiffs' attorneys had possession the recording of the call that formed the basis for the Complaint allegation (a notation in *Legacy's* notes) that Asset threatened Plaintiffs with litigation.  Plaintiffs' attorneys received the recording with Legacy's Initial Disclosures—nearly three months before Asset made its global offer of judgment.  Notwithstanding Plaintiffs' attorneys' possession of this recording, and notwithstanding their client's own deposition testimony that Asset had not threatened Plaintiffs with litigation, Plaintiffs attorneys continued to argue that Asset threatened Plaintiffs with litigation.  Mrs. Esch's trial testimony refuting this allegation resulted in Judge Leighton stating, "There was no lawsuit threatened by the billing company [Asset]."  See Dkt. #150, p. 2.  Plaintiffs' Supplemental Briefing does not address this issue either.

The arguments in Plaintiffs' Supplemental Briefing related to the merits of filing the Complaint are irrelevant to the issues raised in Asset's Motion for Sanctions.

The fundamental goal of sanctions is deterrence.  If an aggrieved party knows beforehand that it has no hope of recovering the costs necessary to have the other party sanctioned, it will be less likely to seek sanctions.  The less likely that aggrieved parties are to pursue sanctions, the more sanctionable conduct will go unsanctioned, and the weaker the deterrent will be.  Parties who know that the likelihood of facing a sanctions proceeding is low may engage in sanctionable conduct more often.  *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1299 (11th Cir. 2010).

ASSET SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BREIFING RE: DEFENDANT'S 28 U.S.C. § 1927 MOTION FOR ATTORNEY FEES AND COSTS -- Page 3
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1    Plaintiffs' attorneys' failure to meet this Court's January 13, 2020 deadline is further

2    support for the need for sanctions against Plaintiffs' attorneys.

3    Plaintiff's attorney, Mr. Mitchell, claims excusable neglect based on his mother being

4    stricken with COVID during an unspecified period of time, and other cases.  While it is

5    regrettable that Mr. Mitchell's mother was stricken with COVID, neither of these reasons are

6    excusable.

7    If Plaintiffs' attorneys needed more time, Plaintiffs' attorneys had seven days to move for

8    more time under LCR 7.  In fact, when Plaintiffs' attorneys were late, Plaintiffs' attorneys should

9    have moved for more time with this Court rather than just filing the reply outside of the deadline

10   imposed by this Court.  This is the second time since Judge Settle was assigned this case that

11   Plaintiffs missed a filing deadline.  In the first instance, Asset's response cited the local rule

12   requirement of moving for relief from a deadline.  See Dkt. # 160, p. 3; LCR 7 (j).  Plaintiffs'

13   attorneys continue to ignore the requirements of our local rules.

14   A review of the dockets referred to in Mr. Mitchell's Declaration show that there is little

15   evidence that Mr. Mitchell was overwhelmed assisting servicemembers with claims between

16   January 5, 2021 and January 13, 2021—the due date of Plaintiffs' Supplemental Briefing.  See

17   Dkt. #163-1; attached dockets; and Dkt. # 161.  Further, why wasn't Mr. Mitchell's actions or

18   inactions on these other cases affected by Mr. Mitchell's mother being stricken with COVID

19   when Mr. Mitchell's conduct in our case was?

20   The other reason that the neglect is not excusable is that Ms. Hutchison is, and has been

21   co-counsel in this case.  Ms. Hutchison should have seen that Plaintiffs' Supplemental Briefing

22   was timely filed herself, or should have moved for more time.  Ms. Hutchison did not so act, and

23   there is no word from Ms. Hutchison on why Ms. Hutchison did not act to obtain an extension,

24   or file Plaintiffs' Supplemental Briefing herself.

25   What is clear is that Asset's reply notifying Mr. Mitchell that the deadline had not met

26   was filed on January 14, 2021 at 9:56 AM PT [Dkt. # 162]; and Plaintiffs' Supplemental Briefing

ASSET SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL BREIFING RE: DEFENDANT'S 28
U.S.C. § 1927 MOTION FOR ATTORNEY FEES AND
COSTS -- Page 4
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1   was filed on January 14, 2021 at 4:26 PM PT [Dkt. # 163].  Asset's January 14, 2021 reply

2   resulted in Plaintiffs' Supplemental Briefing.

3       Plaintiffs' attorneys fail to show excusable neglect in failing to comply with this Court's

4   deadline for filing their Supplemental brief, and Asset's attorney fees incurred in filing their

5   replies should further be allowed against Plaintiffs' attorneys for continuing their prosecution of

6   this case under 28 U.S.C. § 1927 or the inherent power of the Court.

7       Further, the submissions by Plaintiffs' attorneys [Dkt. # 163-4 and 163-5] are irrelevant

8   hearsay and should also be stricken.

9       Dkt. # 163-4 is irrelevant hearsay as it purports to be a consent decree entered into by a

10  hospital that was neither a party, nor an assignor in this case.  It was entered into by that non-

11  party hospital three years after the conduct at issue by Asset and Legacy. That information has

12  no bearing on whether sanctions should be awarded in this case or not.

13      Dkt. # 163-5 is irrelevant hearsay.  Plaintiffs' attorney could not have a good faith belief

14  that this document would be admissible without any foundation, or any show of relevancy to the

15  facts of this case.  It has no bearing on whether sanctions should be awarded in this case or not.

16      As to the content of Plaintiffs' Supplemental Briefing, Plaintiffs' Supplemental Briefing

17  does not "add 'facts and realities' brought to light during the appeal"—the stated purpose to this

18  Court of Plaintiffs' Supplemental Briefing.  See Dkt. # 161, p. 2.  Thus, Plaintiffs' Supplemental

19  Briefing shows that the statements made in Plaintiffs Response to Defendant's Motion to Lift

20  Stay [Dkt. # 159] about what Plaintiffs' Supplemental Briefing would show are just more

21  misrepresentations to this Court by Plaintiffs' attorneys that illustrate the need for sanctions

22  against Plaintiffs' attorneys based on the inherent power of the court.

23      The allegation in Plaintiffs' Supplemental Briefing that the litigation worked to protect

24  thousands of consumers [Dkt. # 163, p. 2-3] was already briefed in Plaintiffs' original

25  Opposition to Asset's Motion for Fees.  See Dkt. # 141, p. 11.  That argument is irrelevant to

26  Asset's argument for attorney fees since it does not refute the argument that Plaintiffs' attorneys

ASSET SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL BREIFING RE: DEFENDANT'S 28
U.S.C. § 1927 MOTION FOR ATTORNEY FEES AND
COSTS -- Page 5
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

should not have continued prosecution of this action after Asset's offer of judgment. That argument is not a fact brought to light during the appeal. Thus, repeating that argument in this Supplemental Briefing, and failing to tie this argument to a fact brough to light during the appeal is just another reason that the court should award Asset sanctions against Plaintiffs' attorneys.

Plaintiffs' Supplemental Briefing argument 1B(1) [Dkt. # 163, p. 3-4] is also irrelevant to whether this court should award Asset sanctions under 28 U.S.C. § 1927 or the inherent power of the Court for continuing to prosecute this claim after the offer of judgment. The Ninth Circuit held that "Asset presented sufficient evidence—which remains unrebutted—to prove its procedures were 'reasonably adapted' to avoid demanding the wrong principal sum." Dkt. # 153. Asset was not required to have *every* procedure in place. Asset was only required to have *reasonable* procedures in place, and the requirement that Asset have reasonable procedures in place was found satisfied by the Court of Appeals by unrebutted evidence. Plaintiffs' attorneys seem to argue there was reason to take the issue of *liability* to trial. However, whether there was evidence that Asset violated the FDCPA, or not is not the issue as to whether Plaintiffs' attorneys should or should not be sanctioned. The issue for Asset's Motion for Sanctions is whether Plaintiffs had evidence of damages in excess of $2,500. Plaintiffs and their attorneys never had evidence of damages in excess of $2,500 based on Asset's conduct, and Section 1B(1) of Plaintiffs' Supplemental Briefing is irrelevant to that issue. Causing Asset to respond to this argument by Plaintiffs' attorneys is further evidence why Plaintiffs' attorneys should be sanctioned by this Court.

Plaintiffs Supplemental Briefing argument 1B(2) [Dkt. # 163, p. 4-5] is also irrelevant to whether this court should award Asset sanctions under 28 U.S.C. § 1927 or the inherent power of the Court for continuing to prosecute this claim after the offer of judgment. It is not a fact brought to light during the appeal. General medical collection is not the issue as to whether Plaintiffs' attorneys should be sanctioned or not. Neither is the issue whether or not Plaintiffs' Complaint was frivolous. Plaintiffs' attorneys' argument is also based on inadmissible evidence.

ASSET SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL BREIFING RE: DEFENDANT'S 28
U.S.C. § 1927 MOTION FOR ATTORNEY FEES AND
COSTS -- Page 6
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1    Causing Asset to respond to this argument by Plaintiffs' attorneys is further evidence why

2    Plaintiffs' attorneys should be sanctioned by this Court.

3            Plaintiffs Supplemental Briefing argument that Asset is not the prevailing party is even

4    more specious.  See Dkt. # 163, p. 5-6.  Asset was awarded a directed verdict, and that verdict

5    was affirmed on appeal.  Asset was and is the prevailing party.  This also was not a fact brought

6    to light in the appeal.  However, Asset is not requesting sanctions based on the fact that Asset is

7    the prevailing party.  Asset is requesting sanctions against Plaintiffs' attorneys because of

8    Plaintiffs' attorneys conduct in prosecuting this case after Asset's offer of judgment.  Whether

9    the case filed was frivolous or not is irrelevant to whether Plaintiffs' attorneys should be

10   sanctioned for multiplying these proceedings after Asset's offer of judgment.

11           By its very definition, 28 U.S.C. § 1927 are not sanctions for *filing* a frivolous action.  28

12   U.S.C. § 1927 sanctions are the penalty for multiplying the proceedings in any case

13   "unreasonably and vexatiously".  Asset's evidence of such unreasonable and vexatious conduct

14   in multiplying these proceedings by Plaintiffs' attorneys is unrefuted.  Plaintiffs' attorneys only

15   contrary argument—that the action was not frivolous—does not refute Asset's evidence that

16   Plaintiffs' attorneys acted in bad faith in continuing the proceedings.

17           Imposition of sanctions under 28 U.S.C. § 1927 requires a finding of recklessness or bad

18   faith on the part of the attorney sanctioned.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107

19   (9th Cir. 2002).

20           … if a court finds "that fraud has been practiced upon it, or that the very temple of
21           justice has been defiled," it may assess attorney's fees against the responsible
             party, as it may when a party "shows bad faith by delaying or disrupting the
22           litigation or by hampering enforcement of a court order". The imposition of
             sanctions in this instance transcends a court's equitable power concerning
23           relations between the parties and reaches a court's inherent power to police itself,
             thus serving the dual purpose of "vindicat[ing] judicial authority without resort to
24           the more drastic sanctions available for contempt of court and mak[ing] the
             prevailing party whole for expenses caused by his opponent's obstinacy."
25           [Citations omitted.]

     *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991).

26

ASSET SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL BREIFING RE: DEFENDANT'S 28
U.S.C. § 1927 MOTION FOR ATTORNEY FEES AND
COSTS -- Page 7
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1    Asset has shown unrefuted evidence that Plaintiffs' attorneys acted in bad faith in

2    multiplying these proceedings after Asset's offer of judgment was made for more than the

3    amount of damages Plaintiffs could prove at trial.  Causing Asset to respond to this argument by

4    Plaintiffs' attorneys is further evidence why Plaintiffs' attorneys should be sanctioned by this

5    Court.

6    No additional argument has come forward in Plaintiffs' Supplemental Briefing related to

7    the ***amount*** of attorney fees and costs requested by Asset as sanctions. Plaintiffs continue their

8    position in their Supplemental Briefing of failing to object to the ***amount*** of attorney fees and

9    costs requested by Asset in their Supplemental Briefing.  Thus, the Court should allow all of the

10   costs requested by Asset ($13,427.68) against Plaintiffs and their attorneys; and all of the

11   attorney fees requested by Asset ($103,465.50) against Plaintiffs and their attorneys.  See Dkt. #

12   142, p. 2.

13   No additional argument has come forward in Plaintiffs' Supplemental Briefing related to

14   Plaintiffs liability for attorney fees based on 15 U.S.C. § 1692k(a)(3).  Thus, the Court should

15   allow Asset to recover attorney fees against Plaintiffs in the sum of $103,465.50 because the

16   unrefuted evidence shows that Plaintiffs brought this case in bad faith and for purposes on

17   harassment.  See Dkt. # 142, p. 2-3; Dkt. # 135, p. 6-7.

18   No additional argument has come forward in Plaintiffs' Supplemental Briefing related to

19   Plaintiffs liability for costs.  *Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013).  Thus, the Court

20   should allow Asset to recover costs against Plaintiffs in the sum of $13,427.68.  See Dkt. # 142,

21   p. 3.

22   No additional argument has come forward in Plaintiffs' Supplemental Briefing related to

23   Plaintiffs and Plaintiffs' attorneys' liability for sanctions under the inherent power of the Court.

24   Thus, the Court should allow Asset to recover attorney fees against Plaintiffs and Plaintiffs'

25   attorneys in the sum of $103,465.50 because the unrefuted evidence shows that Plaintiffs and

26   Plaintiffs' attorneys unreasonably and vexatiously multiplied these proceeds.  See Dkt. # 142, p.

ASSET SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL BREIFING RE: DEFENDANT'S 28
U.S.C. § 1927 MOTION FOR ATTORNEY FEES AND
COSTS -- Page 8
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

6-7.

Asset requests the following additional attorney fees ($1,400.00) caused by Plaintiffs' attorneys conduct after this Court lifted the stay:

| Date | Task | Hours Billed | Hourly Rate | Charge |
|---|---|---|---|---|
| 1/13/2021 | Multiple E-mail correspondence between client and me re status of Supplemental Response.  Reviewed for response multiple times. | 0.4 | $250.00 | $100.00 |
| 1/14/2021 | Drafted Supplemental Reply for Court.  Filed with Court.  Reviewed Reply filed by opposing | 1.2 | $250.00 | $300.00 |
| 1/15/2021 | Prepared Reply to Supplemental Briefing.  Contact with client re Supplemental Briefing strategy. | 3.0 | $250.00 | $750.00 |
| 1/19/2021 | Finalized and Filed Plaintiffs' Reply.  Email from Client re Plaintiffs' Reply | 1.0 | $250.00 | $250.00 |
| | | | | |
| | Total | | | $1,400.00 |

Asset requests the Court allow Asset's Motion, and award Asset a judgment against Plaintiffs and Plaintiffs' attorneys, jointly and severally, for $104,865.50 attorney fees, plus $13,427.68 costs.

Asset requests that the Court strike Plaintiffs Supplemental Briefing [Dkt. #  163], and its accompanying documents for being filed after the Court's Order, and/or Ordering Plaintiffs' attorneys to show cause why they should not be held in contempt for violating this Court's Order.

Dated:  January 19, 2021.

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA#23741
Hasson Law, LLC
Attorney for Asset

ASSET SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL BREIFING RE: DEFENDANT'S 28
U.S.C. § 1927 MOTION FOR ATTORNEY FEES AND
COSTS -- Page 9
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1

2

Certificate of Service

I hereby certify that on January 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  Robert Mitchell, SaraEllen Hutchison  and I hereby certify on that I mailed by United States Postal Service the document to the following:

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA#23741
Attorney for Asset
Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@hassonlawllc.com

CERTIFICATE OF SERVICE -- Page 1
Case No.: 3:16-CV-05842-BHS

Hasson Law, LLC
Attorneys at Law
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124