UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH and RENNY FANGSRUD VON ESCH, | CASE NO. C16-5842BHS |
| Plaintiffs, | ORDER |
| v. | |
| LEGACY SALMON CREEK HOSPITAL, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Defendant Asset System's Motion for Attorney's Fees and Costs. Dkt. 135. Asset argues that Fangsrud Von Esch and her[1] attorneys engaged in "bad faith, unreasonable, reckless, vexatious and harassing conduct" in their pursuit of this case and their appeal of the directed verdict against them, particularly after Asset offered to settle Fangsrud Von Esch's Fair Debt Collection Practices Act (FDCPA) claim for $2,500, in April 2017. Dkt. 135 at 1, 5. Asset seeks $104,865.50 in fees and $13,427.68 in costs. Dkt. 164 at 9.

---

[1] This Order uses the singular for clarity. Both Mr. and Mrs. Fangsrud Von Esch are Plaintiffs.

Judge Leighton[2] stayed the motion, Dkt. 150, pending Fangsrud Von Esch's Appeal of the Court's Judgment in Asset's favor. Dkts. 134 and 138. The Ninth Circuit affirmed the Judgment. Dkts. 153 and 155. Asset moved to lift the stay so that this Court could consider its motion for fees, and Fangsrud Von Esch sought leave to file a supplemental opposition to that motion. Dkt. 159. Over Asset's objection, the Court granted Fangsrud Von Esch's request.

The Court has reviewed the lengthy record in the case, including all the various Responses, Supplements, Replies, and Sur-replies filed in connection with Asset's motion for fees and costs, as well as the underlying record and the two Ninth Circuit opinions in this case. Because Asset cannot demonstrate that Fangsrud von Esch or her attorneys acted in bad faith, its motion for fees as a sanction for bad faith conduct is DENIED.

## I.   BACKGROUND

The Court and the parties are familiar with this long-lived case. Defendant Legacy Salmon Creek Hospital sent Fangsrud Von Esch an erroneous bill after she had her baby in that hospital. The bill was not paid, and Legacy sent it to a debt collector, Defendant Asset Systems. The billing error was ultimately caught and corrected but Fangsrud Von Esch sued, asserting FDCPA and Washington Consumer Protection Act claims against the hospital and the debt collector. Judge Leighton dismissed the claims on summary

---

[2] Judge Leighton has since retired, and the case was assigned to this Court. Dkt. 157.

1    judgment, determining that Asset had established that the billing error was a bona fide

2    error. Dkt. 46 (citing 15 U.S.C. § 1692k(c)).

3         Fangsrud Von Esch appealed, and in September 2018, the Ninth Circuit reversed,

4    holding that "on this record, Asset cannot establish as a matter of law the bona fide error

5    defense." Dkt. 53 at 3. Both parties sought summary judgment again, based on their

6    respective readings of the Ninth Circuit's Opinion, and both were denied. Dkts. 55, 60,

7    and 79. Asset then sought to exclude any evidence of Fangsrud Von Esch's damages,

8    other than what she included in her unsigned interrogatory answers (even though she

9    testified about other damages in her deposition). Dkt. 83. The Court denied the motion,

10   Dkt. 89, and Asset sought Reconsideration, Dkt. 90. That motion too was denied. Dkt. 91.

11        The case proceeded to a jury trial. At the close of Fangsrud Von Esch's case,

12   Judge Leighton granted Asset's motion for a directed verdict on all her claims. She

13   appealed, again, and the Ninth Circuit affirmed. Dkt. 153. It held:

14          In the prior appeal, we held that Asset could not establish the bona fide
            error defense as a matter of law on the then-current record. But after
15          reviewing the supplemented trial record, we hold that Asset presented
            sufficient evidence—which remains unrebutted—to prove its procedures
16          were "reasonably adapted" to avoid demanding the wrong principal sum.
            *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939,
17          948 (9th Cir. 2011).

18   Dkt. 153 at 4.

19        Asset now seeks fees and costs as a sanction for the bad faith conduct it claims

20   was behind this litigation, asserting that it is now free to tell the Court the rest of the

21   story. That story is mostly about the amount of Fangsrud Von Esch's damages, or the

22   lack of such damages, and her rejection of Asset's settlement offers. Asset's new

1  information is primarily that it offered Fangsrud Von Esch $2,500 in 2017, and $20,000

2  at mediation, and both offers were both more than the zero the plaintiff ultimately

3  recovered, and far less than the amounts she demanded.

4       Fangsrud von Esch argues that a good faith dispute, earnestly litigated, does not

5  entitle the winner to sanctions as a matter of course. Dkt. 141 at 1. She emphasizes that

6  Asset's attorney conceded at oral argument before the Ninth Circuit that had Asset

7  requested an Explanation of Benefits (EOB) earlier, the dispute would have ended in

8  January 2016. Dkt. 163 at 4. She also argues that, as the result of this case, Asset changed

9  the way it operated, and that after an audit of its files, it "wrote off" 2,500 accounts. Dkt.

10  163 at 2.

## II.   DISCUSSION

12       Asset argues primarily[3] that Fangsrud Von Esch's damages never exceeded the

13  amount it offered in settlement, and that "the case was a set up from the start." Dkt. 135

14  at 9. Asset seeks its attorneys' fees as a sanction for such conduct, against Fangsrud Von

15  Esch and her attorneys, jointly and severally, under three authorities: 28 U.S.C. § 1927

16  ("Counsel's liability for excessive costs"), 15 U.S.C. § 1692k(a)(3) (FDCPA's "bad

17  faith" fee-shifting provision), and the Court's inherent authority.

---

20     [3] Asset also criticizes Fangsrud Von Esch's attorneys' punctuality and the fact their
pretrial filings included claims against Legacy, even though Legacy was no longer a defendant.
21  Indeed, Asset asks the court to strike plaintiff's supplemental response as "tardily filed," and
asks the court to find Fangsrud Von Esch's counsel in contempt of court for that late filing. Dkt.
22  164 at 9. That request is DENIED.

1    Asset concedes that the imposition of sanctions under 28 U.S.C. § 1927 requires a

2    finding of recklessness or bad faith on the part of the attorney[4] sanctioned. Dkt. 135 at 8

3    (citing *Hubbard v. Plaza Bonita, L.P.*, No. CIV. 09-1581-JLS WVG, 2011 WL 2433086

4    at *9 (S.D. Cal. June 13, 2011)). Asset also relies on *Hubbard* for the proposition that the

5    court has the inherent power to sanction a litigant or counsel who act "in bad faith,

6    vexatiously, wantonly, or for oppressive reasons." *Id. Hubbard* cautioned that in order to

7    impose such sanctions, the Court must make an express finding that the sanctioned

8    party's behavior "constituted or was tantamount to bad faith." *Id.*

9    The FDCPA's bad faith fee shifting provision requires the prevailing defendant to

10   affirmatively demonstrate that the FDCPA claim was "brought in bad faith and for

11   purposes of harassment." 15 U.S.C. § 1692k(a)(3).

12   Fangsrud Von Esch argues that the bad faith bar is very high, to avoid chilling

13   zealous advocacy. Dkt. 141 at 4 (citing *Smyth v Merchs. Credit Corp.*, No. C11-

14   1879RSL, 2014 WL 2011234 at *3 (W.D. Wash., May 15, 2014)). She argues that to

15   prevail, Asset is required to prove that she acted recklessly and with knowledge of an

16   improper purpose. Dkt. 141 at 4 (citing *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)

17   (other citations omitted)).

18   Asset's primary current complaint about the plaintiff's conduct is that she sued,

19   and refused to accept its settlement offers, even though that she never had any damages.

20   Asset attempted to prevail on this "no damage" argument as a matter of law, long before

21

22   _____

[4] Asset appears to also seek fees against Fangsrud Von Esch under § 1927, but that statute facially does not permit an award of fees against litigants.

ORDER - 5

1    trial. Judge Leighton denied its motion, and the motion for reconsideration. Dkts. 83, 89,

2    90, 91. Furthermore, an FDCPA plaintiff can prevail and recover statutory damages, and

3    attorneys' fees, and costs when a violation is proven, even in the absence of actual

4    damages.

5         In any event, the fact and amount of Fangsrud Von Esch's damages was not the

6    dispositive issue in the case. Asset did not dispute that it violated the FDCPA by seeking

7    to collect a debt that was not owed. Instead, the main point of dispute was always the

8    applicability of Asset's bona fide error affirmative defense. That affirmative defense was

9    the focus of Asset's first, temporarily successful, summary judgment motion, Dkts. 20,

10   46, and it was the principal issue in the Ninth Circuit's reversal, Dkt. 54.

11        Asset's bona fide error defense was the subject of a second round of unsuccessful

12   dispositive motions, Dkts. 55, 60, and it was the thrust of Judge Leighton's oral ruling

13   granting Asset's motion for a directed verdict at the end of plaintiff's case. Dkt. 149 at

14   127 ("Asset's system, policies, procedures, job one is, trust reliable creditors. This is, by

15   all accounts, the first and only error of this type in 25 or 30 years. It is an error not of

16   Asset's making."). Finally, the Ninth Circuit affirmed the dismissal of plaintiff's claims

17   because Asset established that its attempt to collect that was admittedly not owed was the

18   result of a bona fide error. Dkt. 153 at 4.

19        This case bears little resemblance to the unusual and egregious facts in *Hubbard*.

20   The Court there ordered the plaintiff's attorney to show cause why he should not be

21   sanctioned for submitting falsified documents and failing to disclose that his client had

22   died before she purportedly signed a settlement agreement. 2011 WL 2433086 at *2.

1    There are no similar allegations in this case, and the conduct at issue there is far beyond

2    the allegations or the evidence of bad faith misconduct in this case.

3         Nor does this case bear any resemblance to *Scroggin v Credit Bureau of*

4    *Jonesboro, Inc.*, 973 F. Supp. 2d 961 (E.D. Ark. 2013), upon which Asset also relies. The

5    FDCPA plaintiff there posted more than 6,500 foul and lengthy comments about his case

6    and the defendant's conduct on various websites, boasting and threatening that his claim

7    would damage the defendant. *Id*. at 968-977 (quoting the posts at length). The court

8    concluded that the posts demonstrated plaintiff Scroggins' bad faith and dishonesty of

9    belief or purpose, and his hatred, ill will, and spirit of revenge. *Id*. at 977. There is no

10   analogous conduct in evidence here.

11        The Court cannot conclude that counsel litigated the hotly contested bona fide

12   error affirmative defense in bad faith, and that issue appears to have been the bulk of the

13   case. Indeed, Fangsrud Von Esch survived summary judgment on this issue, successfully

14   appealing to the Ninth Circuit.

15        Because the Court is not persuaded that Fangsrud Von Esch or her counsel

16   engaged in bad faith, vexatious, or harassing conduct, Asset's Motion for Fees and Costs

17   as a sanction for such conduct under § 1927, §1692(k)(a)(3), and the Court's inherent

18   authority, Dkt. 135, is **DENIED**. Asset raises no other basis for an award of fees or costs.

19

20        //

21        //

22

1    The Clerk shall enter a JUDGMENT and close the case.

2    **IT IS SO ORDERED**.

3    Dated this 17th day of March, 2021.

4

5
_____
6                                              BENJAMIN H. SETTLE
                                             United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22